ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. McGRATH et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 1, 1913.)

1. TRIAL (§ 296*)—INSTRUCTIONS—OMISSIONS —CURE BY OTHER INSTRUCTIONS.

Where the court charged that defendant railroad company was only bound to exercise ordinary care in the operation of an engine belonging to M. over its tracks, there was no error in omitting to add such proposition to a further instruction that defendant would be liable for M.'s negligent operation of the engine over defendant's tracks.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

2. RAILROADS (§ 485*)—FIRES—INSTRUCTIONS.

In an action against a railroad for destruction of plaintiff's property by fire alleged to have been negligently set out, the court properly charged that careless operation of the engine in permitting the escape of sparks, setting fire to the property, would be negligence, and that the railroad company had no right to scatter sparks along its tracks so as to be dangerous to property, and so doing would be negligence; it being permissible in such an action to instruct that proof of certain facts establishes negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—OMISSIONS —INSTRUCTIONS GIVEN.

An instruction that it was the duty of one operating an engine over defendant's tracks to use only good engines equipped with best-known appliances, etc., to prevent the escape of fire, was not objectionable in omitting to charge that defendant was liable for damages from fire, only when it failed to use ordinary care in equipping its engines with the best-known appliances, etc.; the court in another charge having instructed that if the owner of the engine in question used ordinary care to select and use such machinery and apparatus for preventing the escape of fire as was in general use by well-managed railroads, and used ordinary care in keeping the same in re-

pair, etc., and in operating the same, it would not be liable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. RAILROADS (§ 260*) — FIRES — EQUIPMENT BELONGING TO OTHERS—OPERATION.

Where defendant railroad company permitted M., the owner of a private logging road, to run his engines for a short distance over its tracks to obtain water at the defendant's tank, and it did not appear that M.'s road was a chartered railroad or that it transported freight or passengers for hire, defendant was not compelled by law to permit such engines to use its tracks, and was therefore liable for loss sustained by fire set out in the negligent operation of such engines by M.'s employés.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 817–823; Dec. Dig. § 260.*]

5. RAILROADS (§ 481*)—FIRES—EVIDENCE.

In an action for damages from fires alleged to have been set out by the negligent operation of an engine on defendant's tracks, evidence that about the time of the fire which destroyed plaintiff's property, and just after the passing of an engine, witness saw two chunks of fire nearly as large as his hand lying on the right of way about 40 feet from the tracks, but did not recall whether that was before or after the fire in question, was admissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

Appeal from Henderson County Court; C. D. Owen, Judge.

Action by Thomas McGrath and others against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. B. Perkins and Daniel Upthegrove, both of Dallas, R. S. Neblett, of Corsicana, and W. R. Bishop, of Athens, for appellant. J. J. Faulk, of Athens, for appellees.

RASBURY, J. Appellees sued appellant in the court below for the value of their residence and certain household furniture and appurtenances of the alleged value of $937.60. It was charged that the house and contents were destroyed by fire set by sparks from an engine in use on defendant's road, resulting from the fact that the engine was improperly and defectively built and constructed and carelessly and negligently managed by appellant. Appellee alternatively alleged that one Mitchell, or Mitchell-Crittenden Tie Company, with the consent and knowledge of appellant, in like manner operated said engine over appellant's line of railway and set the fire by escaping sparks which destroyed appellee's property. Appellant met the complaint by general demurrer and general denial and specially averred that the fire was not set by any engine belonging to it or operated by it or under its control, and impleaded L. F. Mitchell, charging that appellees had as good a cause of action against him as against appellant, and that Mitchell owned an engine which he operated over appellant's tracks and asked that all liability between the parties be ad-

justed. Upon trial by jury appellee was awarded $540 against appellant and appellant was awarded a like amount against Mitchell, followed by judgment, from which appellant has appealed. No appeal is taken by Mitchell.

The Mitchell-Crittenden Tie Company, or L. F. Mitchell, who seems to be the company, has a line of railway from Motel Camp, (a tie, wood, and lumber camp), to where it intersects the road of appellant at Trinidad, a distance of from four to eight miles. From the point of intersection Mitchell uses appellant's tracks with appellant's permission and consent for a distance of one-half or one-fourth of a mile in order to reach appellant's water tank, whence Mitchell secures his water supply, which was sold him by appellant, and also in order to reach appellant's side track at Trinidad, where he unloaded his wood, lumber, and ties. Appellee's house is about 75 feet from appellant's tracks, and sparks from the Mitchell engine set the fire that destroyed appellee's house, etc., while it was being operated upon appellant's tracks by Mitchell's agents. Mitchell's road at that time was a private road and was used only for the purpose of bringing to the appellant's line the wood, ties, and lumber cut by Mitchell and to secure his water supply. The road did not engage in transporting freight and passengers.

[1] The first assignment of error complains of that portion of the court's charge which tells the jury that appellant would be liable for Mitchell's negligent operation of his engine over appellant's tracks. The proposition asserted under this assignment is that the court should have also at the same time told the jury that Mitchell was bound only to use ordinary care in the operation of the engine. This particular paragraph of the charge was intended only to fix appellant's liability for Mitchell's negligence, and the objection might be good, except for the fact that the court, by appellant's special charge No. 4, did tell the jury that appellant was only bound to exercise ordinary care in the operation of its engine.

The third assignment of error complains of the court for telling the jury it would be negligence if the engine was so carelessly operated by appellant that sparks of fire therefrom set fire to the property of appellee. The fourth assignment complains of that part of the charge which instructs the jury that railroads have no right to scatter sparks along their tracks in such manner as to cause unnecessary danger to property and upon so doing would be guilty of negligence and liable for resulting damages.

[2] In this character of case it is well settled that, contrary to the general rule, it is permissible for the trial court to instruct the jury that proof of certain facts establishes negligence. Railway Co. v. John-

446 SOUTHWESTERN REPORTER (Tex.

son, 92 Tex. 591, 50 S. W. 563, and cases cited. As illustrative of the rule, proof in this case that appellee's property was destroyed by fire set by sparks escaping from appellant's engine establishes negligence, and, when the court instructed the jury that it would in fact be negligence on the part of appellant if it so negligently operated its engine that sparks escaped therefrom and set the fire that destroyed appellee's property, such instruction was within the rule just stated. So was that part of the charge which instructed the jury it would be negligence if appellant did scatter sparks upon its tracks in such manner as to cause unnecessary danger to property. Such comments, while perhaps unnecessary, are not, in such cases, upon the weight of the evidence. Railway Co. v. Burnett, 37 S. W. 779.

[3] The second assignment of error complains of the action of the court in instructing the jury that it was Mitchell's duty, "to use only good engines with best-known appliances and equipments to prevent the escape of fire." The proposition asserted is that appellant was liable for such damages only when it failed to use ordinary care in equipping its engines with the best-known appliances and equipments. The proposition is sound, and while the court should have included the same in his main charge, and while he failed to do so, the point is fully covered by special charge No. 4, requested by appellant and given by the court. By this special charge the jury is instructed: "Now, if you believe from the evidence that the said Mitchell used ordinary care to select and had in use such machinery and apparatus for preventing the escape of fire as is generally in use by well-managed railroads, and that he used ordinary care to keep in repair such machinery and apparatus, and failed to discover any defect in the same, and you further believe from the evidence that at the time and place of the alleged fire that the person operating his said engine used ordinary care in operating said engine and fire apparatus, then you will find for the defendant railway company, even though you believe from the evidence the plaintiffs' damage was caused by fire from sparks set out from the engine of the said L. E. Mitchell."

[4] The sixth, seventh, and eighth assignments of error assert the proposition that appellant was not liable for the negligent acts of Mitchell while operating by permission of appellant its engines over appellant's tracks. In Railway Co. v. Culberson, 72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805, it was said: "So that it may now be considered the accepted and settled doctrine that, in all cases where one railroad company is operating trains upon the road of another without authority of law, the owner of the road remains responsible for the discharge of its duties to the public and becomes liable for injuries resulting from the lessees' failure to perform their duties." See, also, Railway Co. v. Bryant, 30 Tex. Civ. App. 4, 66 S. W. 804. While it is not shown that Mitchell had a lease from appellant, the facts do show that he used the tracks with the consent of appellant, and we can see no distinction in the liability of one using the tracks under an illegal lease and one who has no lease at all. But it is also urged under these assignments that Mitchell's road was a common carrier, and appellant was accordingly bound to permit him to use its tracks for unloading his freight, and hence not liable for his negligence. As we have said at another place, the evidence shows that the Mitchell road was a private road, owned and controlled by Mitchell, and only extended a distance of four or eight miles to Mitchell's tie, wood, and lumber camp, and was used for the sole purpose, so far as the evidence discloses, of transporting Mitchell's wood, lumber, and ties to appellant's line at Trinidad. There is no proof that it was a chartered road, or that it either solicited or actually transported freight or passengers, and appellant was not compelled to admit the engine upon its tracks as provided by the several statutory acts concerning the duties of connecting lines of common carriers.

[5] The ninth assignment of error complains of the admission of testimony. The witness Curry, over objections of appellant, testified, in substance, that about the time of the fire which destroyed appellee's property, and just subsequent to the passing of the Mitchell engine on appellant's tracks, he saw two chunks of fire nearly as large as his hand lying on the right of way about 40 feet from the tracks, but did not recall whether he discovered them before or after the fire which destroyed appellee's property. It occurs to us that a fair construction of this evidence brings the same within the rule announced in Fleming & Son v. Pullen, 97 S. W. 110, and McFarland v. Railway Co., 88 S. W. 451, cited by appellant, which hold that it is permissible to show that the engine which is alleged to have set the fire did on other occasions emit sparks. Here the witness testified that "just prior" to the time he found the chunks of fire the Mitchell engine passed. The passing of the engine and the finding of the fire, being so nearly related in point of time, were pertinent circumstances for the consideration of the jury in determining whether the Mitchell engine was the one that set the fire.

Finding no reversible error, the judgment of the court below is affirmed.