# LeROY FIBRE COMPANY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 175.　Submitted January 19, 1914.—Decided February 24, 1914.

One's lawful uses of his own property cannot be subjected to the servitude of the wrongful use by another of the latter's property.

In an action at law by the owner of a natural product of the soil, such as flax straw, which he lawfully stored on his own premises and which was destroyed by fire caused by the negligent operation of a locomotive engine, to recover the value thereof from the railroad company operating the engine, it is not a question for the jury whether the owner was also negligent without other evidence than that the railroad company preceded the owner in the establishment of its business, that the property was inflammable in character and that it was stored near the railroad right of way and track.

It is not a question for the jury whether an owner who lawfully stores his property on his own premises adjacent to a railroad right of way and track is held to the exercise of reasonable care to protect it from · fire set by the negligence of the railroad company and not resulting from unavoidable accident or the reasonably careful conduct of its business.

As respects liability for the destruction by fire of property lawfully held on private premises adjacent to a railroad right of way and track, the owner discharges his full legal duty for its protection if he exercises that care which a reasonably prudent man would exercise under like circumstances to protect it from the dangers incident to the operation of the railroad conducted with reasonable care.

THE following questions are certified:

"1. In an action at law by the owner of a natural product of the soil, such as flax straw, which he lawfully stored on his own premises and which was destroyed by fire caused by the negligent operation of a locomotive engine, to recover the value thereof from the railroad company operating the engine, is it a question for the jury whether the owner was also negligent without other evidence than

that the railroad company preceded the owner in the establishment of its business, that the property was inflammable in character and that it was stored near the railroad right of way and track?

"2. Is it a question for the jury whether an owner who lawfully stores his property on his own premises adjacent to a railroad right of way and track is held to the exercise of reasonable care to protect it from fire set by the negligence of the railroad company and not resulting from unavoidable accident or the reasonably careful conduct of its business?

"3. As respects liability for the destruction by fire of property lawfully held on private premises adjacent to a railroad right of way and track, does the owner discharge his full legal duty for its protection if he exercises that care which a reasonably prudent man would exercise under like circumstances to protect it from the dangers incident to the operation of the railroad conducted with reasonable care?"

The LeRoy Fibre Company, plaintiff in error (we will refer to it as plaintiff), brought an action against defendant in error (referred to herein as defendant) in a state court of Minnesota to recover the value of certain flax straw alleged to have been negligently burned and destroyed by defendant. The cause was removed to the Circuit Court for the District of Minnesota, where it was tried. One of the grounds of negligence set forth was that a locomotive engine of defendant, while passing the premises of plaintiff, was so negligently managed and operated by defendant's employés that it emitted and threw sparks and coals of unusual size upon the stacks of flax straw and thereby set fire to and destroyed them.

The evidence at the trial showed the following without dispute: "Some years after defendant had constructed and commenced operating its line of railroad through Grand Meadow, Minnesota, the plaintiff established at

that village a factory for the manufacture of tow from flax straw. The plaintiff had adjacent to its factory premises, a tract of ground abutting upon the railroad right of way and approximately 250 by 400 feet in dimension upon which it stored flax straw it purchased for use in its manufacturing business. There were about 230 stacks arranged in two rows parallel with the right of way. Each stack contained from three to three and a half tons of straw. The distance from the center of the railroad track to the fence along the line of the right of way, was fifty feet, from the fence to the nearest row of stacks, twenty or twenty-five feet, and from the fence to the second row of stacks, about thirty-five feet. A wagon road ran between the fence and the first row. On April 2, 1907, during a high wind, a fire started upon one of the stacks in the second row, and as a result all were consumed. The fire did not reach the stack through the intervening growth or refuse but first appeared on the side of the stack above the ground. The flax straw was inflammable in character. It was easily ignited and easily burned.

"There was substantial evidence at the trial tending to show that the fire was started by a locomotive engine of defendant which had just passed and that through the negligent operation of defendant's employés in charge, it emitted large quantities of sparks and live cinders which were carried to the straw stack by a high wind then prevailing. It was contended at the trial by defendant, that plaintiff itself was negligent and that its negligence contributed to the destruction of its property. There was no evidence that plaintiff was negligent save that it had placed its property of an inflammable character upon its own premises so near the railroad tracks, that is to say, the first row of stacks, seventy or seventy-five feet and the second row in which the fire started about eighty-five feet from the center of the railroad track. In other words, the character of the property and its proximity

to an operated railroad for which plaintiff was responsible was the sole evidence of plaintiff's contributory negligence.

"The trial court charged the jury that though the destruction of the straw was caused by defendant's negligence, yet if the plaintiff in placing and maintaining two rows of stacks of flax straw within a hundred feet of the center line of the railroad, failed to exercise that ordinary care to avoid danger of firing its straw from sparks from engines passing on the railroad that a person of ordinary prudence, would have exercised, under like circumstances and that the failure contributed to cause the accident the plaintiff could not recover. The trial court also submitted two questions to the jury as follows:

"1. Did the Fibre Company in placing and keeping two rows of flax straw within one hundred feet of the center line of the railroad, fail to use the care to avoid danger to its straw from sparks of fire from engines operating on that railroad, that a person of ordinary prudence would have used under like circumstances? 2. Did the engineer McDonald, fail to use that degree of care to prevent sparks from his engine from firing the stacks as he passed them, on April 2, 1907, that a person of ordinary prudence would have used under like circumstances?

"The jury answered both questions in the affirmative and found a general verdict for the defendant. Judgment was accordingly entered for defendant. The plaintiff duly saved exceptions to the charge of the court regarding its contributory negligence and to the submission of the first question to the jury, and has assigned the action of the court as error."

*Mr. John F. Fitzpatrick, Mr. E. P. Sanborn* and *Mr. F. M. Catlin* for Le Roy Fibre Company:

In an action at law by the owner of a natural product

of the soil such as flax straw, which he lawfully stored on his own premises and which was destroyed by fire caused by the negligent operation of a locomotive engine to recover the value thereof from the railroad company operating the engine, it is not a question for the jury whether the owner was also negligent without other evidence than that the railroad company preceded the owner in the establishment of its business, that the property was inflammable in character and that it was stored near the railroad right of way and track.

The owner has the same right to use his property adjacent to a railroad right of way for any lawful purpose for which it is adapted as he would have if there was no railroad there. The only limitation upon the use and enjoyment of his property is that he use it in such a manner as not to injure that of another.

In storing his own property upon his own premises he exercises a lawful right. From that act no possible injury can come. In locating it on his own premises even near the right of way he owes the railroad company no duty to anticipate or guard against injury to it from the negligence of the railroad company. Without the breach of some duty by the owner there can be no negligence on his part.

He has violated no duty and hence is guilty of no negligence. *Grand Trunk R. R. Co.* v. *Richardson*, 91 U. S. 454, 473; *Cincinnati &c. R. R. Co.* v. *South Fork Coal Co.*, 139 Fed. Rep. 530; Thompson on Negligence, § 2314; Shearman & Redfield on Negligence, § 680; *Richmond & D. R. R. Co.* v. *Medley*, 75 Virginia, 499; *Louis. & Nash. R. R. Co.* v. *Marbury Lumber Co.*, 125 Alabama, 235; *Patten* v. *St. Louis &c. R. R. Co.*, 87 Missouri, 117; *Kellogg* v. *C. N. W. R. R. Co.*, 26 Wisconsin, 223; *Salmon* v. *Ry. Co.*, 38 N. J. L. 5; *L. & N. R. R. Co.* v. *Richardson*, 66 Indiana, 43; *Pittsburgh &c. R. R. Co.* v. *Jones*, 86 Indiana, 496; *Louisville & N. R. R. Co.* v.

*Beeler* (Ky.), 103 S. W. Rep. 300; *Cleveland, C. St. L. R. R. Co.* v. *Scantland* (Ind.), 51 N. E. Rep. 1068; *Phila. R. R. Co.* v. *Hendrickson*, 80 Pa. St. 182; *Reed* v. *Missouri P. R. R. Co.*, 50 Mo. App. 504; *Rutherford* v. *Texas & P. R. R. Co.* (Texas), 61 S. W. Rep. 422; *Gulf, C. & S. R. R. Co.* v. *Fields*, 2 Texas App. Civ. Cas. 700; *Kimball* v. *Borden*, 97 Virginia, 477; *Kalbfleisch* v. *Long Island R. R. Co.*, 102 N. Y. 520; *Louisville & N. R. R. Co.* v. *Malone*, 116 Alabama, 600; 3 Elliott on Railroads, § 1228.

It is not a question for the jury whether an owner who lawfully stores his property on his own premises adjacent to a railroad right of way and track is held to the exercise of reasonable care to protect it from fire set by the negligence of the railroad company and not resulting from unavoidable accident or the reasonably careful conduct of its business.

The doctrine of contributory negligence of the owner has no application in such a case. *Louis. & Nash. R. R. Co.* v. *Marbury*, 125 Alabama, 235; 50 L. R. A. 620; *Phila. R. R. Co.* v. *Hendrickson*, 80 Pa. St. 182; 13 Am. & Eng. Ency. 482; 2 Thompson on Negligence, § 2314; *Kendrick* v. *Towle*, 60 Michigan, 363; *Mississippi Ins. Co.* v. *Louisville R. R. Co.*, 70 Mississippi, 119; *Louisville R. R. Co.* v. *Beeler* (Ky.), 11 L. R. A. (N. S.) 930.

As respects liability for the destruction by fire of property lawfully held on private premises adjacent to a railroad right of way and track the owner discharges his full legal duty for its protection if he exercises that care which a reasonably prudent man would exercise under like circumstances to protect it from the dangers incident to the operation of the railroad conducted with reasonable care. *Fero* v. *Buffalo R. R. Co.*, 22 N. Y. 209; *Cook* v. *Champlain Trans. Co.*, 1 Denio, 91.

The negligence of the railroad company is the proximate cause of the loss. *Reed* v. *Mo. Pac. R. Co.*, 50 Mo. App. 504; *Louis. & Nash. R. R. Co.* v. *East Tenn. R. R.*

*Co.*, 60 Fed. Rep. 993; *Inland Co.* v. *Tolson*, 139 U. S. 551, 558.

*Mr. H. H. Field* and *Mr. M. B. Webber* for the Railway Company:

The contention of plaintiff in error that no matter how one may conduct his business upon his own premises, contributory negligence cannot be urged against him in a case brought by him to recover damages caused to his property by the negligence of an adjacent owner; that no case of the kind can arise which presents the question of contributory negligence as one of fact for a jury; that one may conduct his own business in a manner best adapted to invite the very peril which overtakes him, and nevertheless recover damages notwithstanding his culpable carelessness, because his negligent act was committed upon his own premises, is unsound. The question is, whether under all the circumstances an ordinarily prudent man would or would not have so acted, and such questions are eminently for a jury.

When one conducts his business in a manner, and at a place, such as a person of ordinary care and prudence would not, then he is not within the protection of the law as outlined in cases relied upon by opposing counsel. *Railway Co.* v. *Johnson*, 54 Fed. Rep. 474; *Clark* v. *Railway Co.*, 129 Fed. Rep. 341.

The voluntary and needless accumulation of shavings or other combustible matter upon the land close to a railroad has been regarded and held to constitute contributory negligence. Such a case is plainly distinguishable from those cases in which combustible matter had accumulated by the act of nature. Shearman & Redfield on Negligence, § 679; *Murphy* v. *Chicago &c. Ry. Co.*, 45 Wisconsin, 222; *Ward* v. *Milwaukee Ry. Co.*, 29 Wisconsin, 144; see also *Collins* v. *N. Y. Cent. Ry. Co.*, 5 Hun, 499; *S. C.*, 71 N. Y. 609; *Niskern* v. *Chicago Ry. Co.*, 22 Fed. Rep. 811; *Railway*

*Co.* v. *Shanefelt*, 47 Illinois, 497; *Hoffman* v. *C., M. & St. P. Ry. Co.*, 40 Minnesota, 60; *Karsen* v. *C., M. & St. P. Ry. Co.*, 29 Minnesota, 12; *Martin* v. *North Star Iron Works*, 31 Minnesota, 407; *Schell* v. *Second National Bank*, 14 Minnesota, 34; *Murphy* v. *C. & N. W. Ry. Co.*, 45 Wisconsin, 222; *Fero* v. *Buffalo &c. Ry. Co.*, 22 N. Y. 209; *Omaha Fair Co.* v. *Mo. Pac. Ry. Co.*, 60 N. W. Rep. 320.

A party who erects his buildings on or near the track of a railway company knows the dangers incident to the use of steam as a motive power, and must be held to assume some of the hazards connected with its use on those great thoroughfares. *Toledo, W. & W. R. R. Co.* v. *Larmon*, 67 Illinois, 68; *Chicago & Alton R. R. Co.* v. *Pennell*, 94 Illinois, 448; see also *Kansas City &c. R. R.* v. *Owen*, 25 Kansas, 419; *K. P. R. R. Co.* v. *Bradey*, 17 Kansas, 380; *Mo. Pac. Ry. Co.* v. *Cornell*, 30 Kansas, 35; *G. W. Ry. Co.* v. *Haworth*, 39 Illinois, 347.

The rule that contributory negligence on the part of plaintiff will bar a recovery, is relaxed in Illinois, only in cases where the negligence of the plaintiff is slight, and that of the defendant in comparison gross. *Railroad Co.* v. *Hillmar*, 72 Illinois, 235; *Ill. Cent. R. R. Co.* v. *Hammer*, 72 Illinois, 347; *C. & N. W. Ry. Co.* v. *Hatch*, 79 Illinois, 137; *Kewanee* v. *Depew*, 80 Illinois, 119; *C., B. & Q. Ry. Co.* v. *Gregory*, 58 Illinois, 272.

However, the doctrine of comparative negligence does not prevail in Minnesota, and we believe does obtain only in Illinois and Georgia. Neither does the last chance doctrine prevail in Minnesota. Such a rule in cases of concurrent negligence proximately contributing to the injury, would practically do away with the doctrine of contributory negligence. *Fonda* v. *St. Paul City Ry. Co.*, 71 Minnesota, 438. See Bigelow on Torts, 311, see also *Keese* v. *C. & N. W. Ry. Co.*, 30 Iowa, 78; *Garrett* v. *Railway Co.*, 36 Iowa, 121; *Slosson* v. *Railway Co.*, 60 Iowa, 215; *Bryant* v. *Railway Co.*, 56 Vermont, 710.

Many of the cases cited by counsel, when limited to the precise points presented by their facts, can be distinguished from this case. So as to *Inland Coasting Co.* v. *Tolson*, 139 U. S. 551; *Grand Trunk R. R. Co.* v. *Richardson*, 91 U. S. 454; *Louisville Ry. Co.* v. *Beeler*, 11 L. R. A. (N. S.) 930.

In the absence of special legislation a man does not become a wrongdoer by leaving his property in a state of nature. *Salmon* v. *Railroad Co.*, 38 N. J. L. 5; *Kellogg* v. *Railroad Co.*, 26 Wisconsin, 223.

It is not always a breach of duty that constitutes negligence. One may be negligent in using his own property, and yet owe no duty to his neighbor to handle it carefully. But when such negligence combined with that of his neighbor causes one damage, which would not have resulted had he been ordinarily careful, he cannot saddle the loss upon his neighbor.

The instant case is not one involving damage to property left in its natural state,—as for instance a timber lot, a farmer's meadow, or the stubble on his grain field,—but does involve the affirmative act of bringing in from the adjacent country the most inflammable product of the field, and stacking it on a vacant lot abutting the right of way of the defendant in error, where it was more likely to be burned than not,—an act no ordinarily prudent person would have done.

If the contention of counsel for plaintiff in error is declared the law, a ready and profitable market will then be made for many kinds of property not otherwise saleable.

MR. JUSTICE McKENNA, after making the foregoing statement, delivered the opinion of the court.

The questions certified present two facts—(1) The negligence of the railroad was the immediate cause of the destruction of the property. (2) The property was placed

by its owner near the right of way of the railroad, but on the owner's own land.

The query is made in the first two questions whether the latter fact constituted evidence of negligence of the owner to be submitted to the jury.  It will be observed, the use of the land was of itself a proper use—it did not interfere with nor embarrass the rightful operation of the railroad.  It is manifest, therefore, the questions certified, including the third question, are but phases of the broader one, whether one is limited in the use of one's property by its proximity to a railroad; or, to limit the proposition to the case under review, whether one is subject in its use to the careless as well as to the careful operation of the road. We might not doubt that an immediate answer in the negative should be given if it were not for the hesitation of the Circuit Court of Appeals evinced by its questions, and the decisions of some courts in the affirmative.  That one's uses of his property may be subject to the servitude of the wrongful use by another of his property seems an anomaly.  It upsets the presumptions of law and takes from him the assumption and the freedom which comes from the assumption, that the other will obey the law, not violate it.  It casts upon him the duty of not only using his own property so as not to injure another, but so to use his own property that it may not be injured by the wrongs of another.  How far can this subjection be carried?  Or, confining the question to railroads, what limits shall be put upon their immunity from the result of their wrongful operation?  In the case at bar, the property destroyed is described as inflammable, but there are degrees of that quality; and how wrongful must be the operation?  In this case, large quantities of sparks and "live cinders" were emitted from the passing engine.  Houses may be said to be inflammable, and may be, as they have been, set on fire by sparks and cinders from defective or carelessly handled locomotives.  Are they to be subject as well as

stacks of flax straw, to such lawless operation? And is the use of farms also, the cultivation of which the building of the railroad has preceded? Or is that a use which the railroad must have anticipated and to which it hence owes a duty, which it does not owe to other uses? And why? The question is especially pertinent and immediately shows that the rights of one man in the use of his property cannot be limited by the wrongs of another. The doctrine of contributory negligence is entirely out of place. Depart from the simple requirement of the law, that every one must use his property so as not to injure others, and you pass to refinements and confusing considerations. There is no embarrassment in the principle even to the operation of a railroad. Such operation is a legitimate use of property; other property in its vicinity may suffer inconveniences and be subject to risks by it, but a risk from wrongful operation is not one of them.

The legal conception of property is of rights. When you attempt to limit them by wrongs, you venture a solecism. If you declare a right is subject to a wrong you confound the meaning of both. It is difficult to deal with the opposing contention. There are some principles that have axiomatic character. The tangibility of property is in its uses and that the uses by one owner of his property may be limited by the wrongful use of another owner of his, is a contradiction. But let us pass from principle to authority.

*Grand Trunk Railroad Company* v. *Richardson*, 91 U. S. 454, was an action for damages for the destruction of a sawmill, lumber shed and other buildings and manufactured lumber, by fire communicated by a locomotive engine of a railroad. Some of the buildings were erected in part on the company's land near its track, and the railroad company requested the court to charge the jury that the erection of the buildings or the storing of lumber so near the company's track, as the evidence showed, was an

improvident or careless act, and that if such location contributed in any degree to the loss which ensued, then the plaintiffs could not recover, even though the fire was communicated by the railroad company's locomotive. The court refused the request and its action was sustained. Mr. Justice Strong, speaking for the court, said, "Such a location, if. there was a license for it [it not then being a trespass], was a lawful use of its property by the plaintiffs; and they did not lose their right to compensation for their loss occasioned by the negligence of the defendant. *Cook* v. *Champlain Transp. Co.*, 1 Den. 91; *Fero* v. *Railroad*, 22 N. Y. 215."

In *Cincinnati &c. R. R. Co.* v. *South Fork Coal Co.*, 139 Fed. Rep. 528, 530, there was the destruction of lumber placed on the railroad's right of way by permission of the railroad. It was destroyed by fire occurring through the negligent operation of the railroad's trains. Contributory negligence was urged against the right of recovery. The court (Circuit Court of Appeals for the Sixth Circuit), commenting on the cases cited by the railroad, said: "But in so far as the opinions go upon the theory that a plaintiff must lose his right of compensation for the negligent destruction of his own property situated upon his own premises because he had exposed it to dangers which could come to it only through the negligence of the railroad company, they do not meet our approval."

After citing cases, the court continued, "The rights of persons to the use and enjoyment of their own property are held upon no such tenure as this. The principle would forbid the use of property for many purposes if in such proximity to a railroad track as to expose it to dangers attributable to the negligent management of its business." Other cases might be adduced. They are cited in Thompson on Negligence, § 2314, and Shearman and Redfield on Negligence, § 680, for the principle that an owner of property is not limited in the uses of his property by its

proximity to a railroad, or subject to other risks than those which come from the careful operation of the road or unavoidable accident.

The first and second questions we answer in the negative, and the third question in the affirmative.

*So ordered.*

MR. JUSTICE HOLMES partially concurring.

The first two questions concern a standard of conduct and therefore that which in its nature and in theory is a question of law. In this, I gather, we all agree, although the proposition often is forgotten or denied. But while the standard is external to the judgment of the party concerned and must be known and conformed to by him at his peril, *The Germanic,* 196 U. S. 589, 596, courts, by a practice that seems at first sight an abdication of their function where it is most needed but that I dare say is justified by good sense, in nice cases leave the standard to the jury as well as the facts. In the questions before us, however, the elements supposed are few and frequently recurring, so that but-for what I have to say I should be very content to find that we were able to lay down the proper rule without a jury's aid. Furthermore, with regard to what that rule should be, I agree, for the purposes of argument, that as a general proposition people are entitled to assume that their neighbors will conform to the law; that a negligent tort is unlawful in as full a sense as a malicious one, and therefore that they are entitled to assume that their neighbors will not be negligent.

Nevertheless I am not prepared to answer the first question, No, if it is to be answered at all. We are bound to consider that at a trial the case would be presented with more facts—that this case was presented with at least one more fact bearing upon the right to recover—I mean the distance. If a man stacked his flax so near to a railroad

that it obviously was likely to be set fire to by a well-managed train, I should say that he could not throw the loss upon the road by the oscillating result of an inquiry by the jury whether the road had used due care.  I should say that although of course he had a right to put his flax where he liked upon his own land, the liability of the railroad for a fire was absolutely conditioned upon the stacks being at a reasonably safe distance from the train. I take it that probably many, certainly some, rules of law based on less than universal considerations are made absolute and universal in order to limit those over refined speculations that we all deprecate, especially where such rules are based upon or affect the continuous physical relations of material things.  The right that is given to inflict various inconveniences upon neighboring lands by building or digging, is given, I presume, because of the public interest in making improvement free, yet it generally is made absolute by the common law.  It is not thought worth while to let the right to build or maintain a barn depend upon the speculations of a jury as to motives. A defect in the highway, declared a defect in the interest of the least competent travellers that can travel unattended without taking legal risks, or in the interest of the average man, I suppose to be a defect as to all.  And as in this case the distinction between the inevitable and the negligent escape of sparks is one of the most refined in the world, I think that I must be right so far, as to the law in the case supposed.

If I am right so far, a very important element in determining the right to recover is whether the plaintiff's flax was so near to the track as to be in danger from even a prudently managed engine.  Here certainly, except in a clear case, we should call in the jury.  I do not suppose that any one would call it prudent to stack flax within five feet of the engines or imprudent to do it at a distance of half a mile, and it would not be absurd if the law ulti-

mately should formulate an exact measure, as it has tended to in other instances; (*Martin* v. *District of Columbia,* 205 U. S. 135, 139;) but at present I take it that if the question I suggest be material we should let the jury decide whether seventy feet was too near by the criterion that I have proposed. Therefore, while the majority answer the first question, No, on the ground that the railroad is liable upon the facts stated as matter of law, I should answer it Yes, with the proviso that it was to be answered No, in case the jury found that the flax although near, was not near enough to the trains to endanger it if the engines were prudently managed, or else I should decline to answer the question because it fails to state the distance of the stacks.

I do not think we need trouble ourselves with the thought that my view depends upon differences of degree. The whole law does so as soon as it is civilized. See *Nash* v. *United States,* 229 U. S. 373, 376, 377. Negligence is all degree—that of the defendant here degree of the nicest sort; and between the variations according to distance that I suppose to exist and the simple universality of the rules in the Twelve Tables or the Leges Barbarorum, there lies the culture of two thousand years.

I am authorized to say that The Chief Justice concurs in the opinion that I express.