AREY v. ST. LOUIS SOUTHWESTERN RY.
CO. OF TEXAS. (No. 7040.)

(Court of Civil Appeals of Texas. Dallas. Oct.
24, 1914. Rehearing Denied
Nov. 21, 1914.)

1. RAILROADS (§ 461*) — NEGLIGENT FIRES —
CONTRIBUTORY NEGLIGENCE.

To leave open a window in the loft of a barn, in which there was loose straw, is not contributory negligence defeating recovery for fire set by sparks from defendant's locomotive, though the fire would not have occurred if the window had been closed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1682; Dec. Dig. § 461.*]

2. RAILROADS (§ 481*) — NEGLIGENT FIRES —
EVIDENCE.

Where, in an action for fire set by sparks from defendant's locomotive, the pleadings and proof did not point out any particular locomotive, but showed that two trains passed at about the time of the fire, evidence that the morning after the fire plaintiff found large coal cinders along the track is admissible to show that the locomotives were not properly equipped with spark arresters.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

3. EVIDENCE (§ 471*)—WITNESSES (§ 240*)—
OPINION OF WITNESS—NEGLIGENT FIRES.

In an action for fire set by sparks from defendant's locomotive, a question to a witness, "Was there any other means known to you by which the fire could have caught, except from that passing train?" was proper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2149-2185; Dec. Dig. § 471; Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. § 240.*]

4. RAILROADS (§ 481*)—NEGLIGENT FIRES—
EVIDENCE.

In an action for fire set by sparks from defendant's locomotive, evidence that, from the time of the fire until plaintiff found large coal cinders along the track, no other trains than the ones alleged to have caused the fire had passed there was admissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

5. RAILROADS (§ 481*)—NEGLIGENT FIRES—
EVIDENCE—OTHER FIRE.

In an action for fire set by sparks from defendant's locomotive, evidence of other fires is inadmissible, unless on or about the same time as the fire in question.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by G. E. Arey against the St. Louis Southwestern Railway Company of Texas. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Robt. F. Spearman, N. E. Peak, and Evans & Carpenter, all of Greenville, for appellant. E. B. Perkins, of Dallas, and Crosby, Hamilton & Harrell, of Greenville, for appellee.

RAINEY, C. J. Appellant sued the appellee to recover the value of certain property destroyed by fire, alleged to have been caused by the emission of sparks from appellee's locomotive engine. Appellee answered by general denial and especially contributory negligence on the part of appellant. A trial resulted in a judgment against appellant.

[1] The first error assigned is in effect that the court erred in charging on contributory negligence, because the evidence fails to show such negligence, as appellant was using his property in a lawful way and for a lawful purpose.

Facts in relation to the situation of the property and the uses to which it was put, about which there is no controversy, are: That the property burned was in a barn on premises leased by appellant. The barn was 108 feet south of appellee's railroad track. At that point the railroad runs northeast and southwest. There was a window about three feet square in the west end of the barn, opening into the loft; also two windows in the west end, opening into the crib in the lower story. Appellant had placed a ton of baled oat straw in the loft near the windows, and had used about half of it. There were no shutters to these windows, and they were left open. The wind was from the northwest, blowing from the railroad toward these windows. In feeding the baled oat straw, loose straw had scattered and banked up in the cribs and in the stalls, and probably in the loft. The barn had a galvanized iron roof, and, if the barn was ignited from sparks emitted from appellee's engines, they must have been blown through said windows.

Are the facts such as to show any negligence on the part of appellant which will prevent him from recovering for the negligent destruction of his property? We think not.

The decisions of the courts of this state are in conflict on this point, but we think the weight thereof is against the holding that such act. will constitute contributory negligence, and therefore not defeat a recovery.

In St. L. S. W. Ry. Co. v. Crabb, 80 S. W. 408, where the facts were practically the same as in this case, and a special instruction on contributory negligence was asked and refused, this court held such refusal error, and reversed the case, holding that whether or not there was contributory negligence was a question for the jury, and said issue should have been submitted to the jury for their determination. Cases holding a contrary view, as we think, in this jurisdiction, are Railway Co. v. Johnson, 51 S. W. 531; Railway Co. v. Hardware Co., 157 S. W. 1188; Freeman v. Nathan, 149 S. W. 248.

In Railway Co. v. Johnson, supra, where an infant was lying in a cradle in its parents' house adjoining the right of way, sparks emitted from an engine operated by the railway company entered the house, ignited the clothing, and injured the child, it was held that the parents could not be held negligent.

In Railway Co. v. Hardware Co., supra, where a warehouse was situated about 56

---

feet from the railroad track, sparks from an engine entered an open window and ignited combustible material, which caused the warehouse to burn, it was held that the owner was not negligent.

In Freeman v. Nathan, supra, where sparks emitted from a railroad engine set fire to and destroyed an electric light and ice plant and stock of supplies in connection therewith, it was held that the owner was not guilty of contributory negligence. In the last-cited case many authorities are cited in support of the holding. The principle upon which said decisions base their holding is that the owner of premises has a right to use it in lawful manner and for lawful purposes, and when so using he is not to be defeated in action for the loss thereof on the ground of contributory negligence, as he is not bound to anticipate negligence of another.

In line with the above principle is a case by the Supreme Court of the United States (Le Roy Fibre Co. v. Chicago, etc., R. R. Co., 232 U. S. 340, 34 Sup. Ct. 415, 58 L. Ed. 631). In that case the owner sued the railroad for destruction of property by fire ignited from sparks escaping from its engine. The property ignited was flax straw, an inflammable material, which had been by its owner stacked on its lot adjacent to the railroad's right of way, and within 85 feet from the track. It was held in effect that:

"The rights of one man in the use of his property cannot be limited by the wrongs of another, and the doctrine of contributory negligence is entirely out of place."

Since our decision in the Crabb Case, supra, in view of the array of authorities announcing a different view, we have concluded that said decision is not in harmony with the weight of authority in this and other jurisdictions, and, in. so far as it conflicts with the views herein expressed, it is overruled.

[2] 2. Appellant complains of the court's action in refusing to permit him to testify that the next morning after the fire he found plenty of coal cinders, such as came from engines of appellee that run along that road; that they were the size of a pea to the size of the ends of his fingers, or as much as one-half inch in diameter. We think this testimony was admissible as a circumstance on the issue of whether or not appellee's engines were properly equipped with proper spark arresters. The particular engine which caused the fire was not definitely identified. No particular engine was charged in the petition to have set fire to the barn, and there is evidence showing that two trains, one a passenger and the other a freight, passed there about the same time the morning of the fire. So, in view of the pleading and evidence, the appellant should not have been required to confine his testimony to defects in spark arresters of any particular engine. Railway Co. v. McGrath, 160 S. W. 444.

[3] While testifying, appellant was asked: "Was there any other means known to you by which the fire could have caught, except from that passing train?"

Defendant's counsel made the following objection:

"We object to that as leading and suggestive, calling for an opinion and conclusion of the witness. The Court: I sustain said objection."

And to which ruling of the court plaintiff's counsel excepted. We are of the opinion that the question was not leading, but was the statement of a fact for the consideration of the jury. No other witness could testify as to witness' knowledge of other means known to him which may have caused the fire, and the weight was a question for the jury.

[4] The court erred in not permitting appellant to state that, from the time of the fire until he discovered the cinders, no other train had passed there.

[5] Appellant, while testifying, was asked: "Do you know of any fires in that neighborhood along the right of way of the defendant railroad company that was set by sparks from passing engines of the defendant?"

One of the grounds of objection to this question was that no particular time was laid. We see no error in sustaining this objection. For such testimony to be admissible in this character of cases, it must be shown that other fires caused by the escape of sparks from appellee's engines occurred on or about the same time as the fire complained of. This evidence, though weak, is relevant to rebut the testimony of appellee's witness that the spark arresters were properly equipped and in good repair.

What is here said applies to the testimony of Mrs. Arey as to cinders falling on her dwelling.

The error assigned on the question of newly discovered evidence, presented in the motion for a new trial, will not be discussed, as it cannot arise on another trial of the case.

For the reasons stated, the judgment is reversed, and cause remanded.