**FT. WORTH & D. C. RY. CO. v. HAPGOOD.**
(No. 8331.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 19, 1916. On Rehearing, March 25, 1916.)

1. RAILROADS ⬅461—FIRES—CONTRIBUTORY NEGLIGENCE.

Plaintiff's refusal of permission to a railroad to burn necessary fireguards on his land, except on condition that the railroad pay in advance for the grass consumed, is, if such condition is unreasonable under the circumstances, contributory negligence barring recovery against the railroad for burning his land.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1682; Dec. Dig. ⬅461.]

2. EVIDENCE ⬅142(4) — SIMILAR FACTS — VALUE.

It is improper, in a suit for damages to grass, to allow a witness to testify that the grass "was above an average for Clay county," over the objection that it is improper to describe the grass by comparison with other grass the quality of which is foreign to any issue in the suit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 420; Dec. Dig. ⬅142(4).]

**3. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—QUALIFICATION OF WITNESS.**

The admission of testimony that land has depreciated $2 per acre by being burned, over the objection that the witness had answered that he had never known of the sale of land after being burned over, but based his opinion upon the estimated value of the grass, where the witness qualified sufficiently to give an opinion of the value of the grass destroyed, which he estimated at $2 per acre, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ☞1050(1).]

**4. EVIDENCE ☞142(4)—RELEVANCY—VALUE OF OTHER PROPERTY.**

In an action for damages to land, it is not error to exclude evidence of the leasing value of adjoining land, where it is not proved that the grass on such land is of as good quality as the grass on plaintiff's land.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 420; Dec. Dig. ☞142(4).]

**5. TRIAL ☞350(2) — SPECIAL INTERROGATORIES—EVIDENTIARY FACTS.**

Requested special issues, embodying inquiries as to mere matters of evidence bearing upon the issues to be determined, are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828, 832; Dec. Dig. ☞350(2).]

Appeal from District Court, Clay County; J. W. Akin, Judge.

Action by K. N. Hapgood against the Ft. Worth & Denver City Railway Company. From judgment for the plaintiff, defendant appeals. Reversed and remanded.

Thompson & Barwise, of Ft. Worth, and Arnold & Taylor, of Henrietta, for appellant. W. T. Allen and Wantland & Parrish, all of Henrietta, for appellee.

DUNKLIN, J. K. N. Hapgood and wife owned a tract of land adjacent to the right of way of the Ft. Worth & Denver City Railway Company. The land was covered with a growth of grass suitable for hay and for grazing. During the months of June and July of the year 1914, seven fires occurred which consumed the grass on different portions of the tract at different times, the land so burned over aggregating 625½ acres.

The owners of the land instituted this suit against the railway company to recover damages for the destruction of the grass and injury to the turf, it being alleged in plaintiffs' petition that the fires which destroyed the grass originated through the negligence of the railway company in using faulty appliances and spark arresters upon its locomotives, on account of which cinders escaped and ignited the grass and other combustible matter which the defendant had negligently permitted to accumulate on its right of way, and from there spread to and burned over plaintiffs' land.

It was further alleged in the petition that the railway company was guilty of negligence in failing to burn fireguards for a width of about 200 feet on each side of its right of way, as for a number of years it had been in the habit of doing, so that fires starting in weeds and dry grass upon defendant's right of way would not spread to plaintiffs' land.

From a judgment rendered in plaintiffs' favor for the sum of $1,876.50, the defendant has appealed.

One of the special defenses pleaded by the defendant consisted in allegations that, before any of the fires occurred, the defendant applied to plaintiffs for permission to burn fireguards on plaintiffs' land adjacent to defendant's right of way and adjacent to the land that was afterwards burned, informing plaintiffs at the time of the danger of fire spreading upon said land, and offering to pay them for the grass so burned as a fireguard as soon as the area of the same could be measured and the number of acres burned ascertained; but that plaintiffs refused said request, unless defendant would pay them for the grass on said fireguard in advance and before the same was burned. It was further alleged in said plea that plaintiffs well knew the danger incident to the destruction of their grass if fireguards were not so burned, and well knew that the burning of the fireguards would protect their premises from fire, and that the absence of such fireguards greatly endangered their property, which was afterward burned. It was further alleged that by reason of such failure on the part of the plaintiffs to permit the defendant to burn said fireguards, as it requested permission to do and would have done but for such refusal, the plaintiffs were guilty of negligence proximately contributing to the damages sustained by them, and for which they sued, and hence they were not entitled to recover.

The plaintiffs addressed a general demurrer to the plea of contributory negligence in the following language:

"The plaintiff demurs to the defendant's plea of contributory negligence as set out in the thirteenth paragraph of its answer herein, and says the same is insufficient in law, and shows no defense to the plaintiff's cause of action herein, and prays that said paragraph be stricken from said answer."

That demurrer was sustained, and to the action of the court in striking out the plea the defendant has assigned error.

[1] We are of the opinion that the assignment should be sustained upon the authority of the recent decision of our Supreme Court in St. L. S. W. Ry. Co. of Texas v. Arey, 179 S. W. 860, and other decisions therein cited, chiefly the decisions of Martin, Wise & Fitzhugh v. T. & P. Ry. Co., 87 Tex. 117, 26 S. W. 1052, and T. & P. Ry. Co. v. Levi, 59 Tex. 674.

The case of Railway Co. v. Arey, supra, was a suit by Arey, the plaintiff, for the destruction by fire of his barn. The fire was caused by sparks from a passing engine which were blown through a window facing the right of way and which plaintiff had

left open. The railway company pleaded contributory negligence on the part of the plaintiff, in thus leaving the window of the barn open with an accumulation of combustible matter exposed to sparks that might emanate from the railway company's locomotives in passing and through which the fire which destroyed the barn originated. Our Supreme Court held that the submission of the defense of contributory negligence so pleaded was proper, and in that opinion used the following language:

"It is not a question of the lawful use by an owner of his premises. It is a question of his negligent use of them, and the legal consequence of such use when it is directly responsible, in whole or in part, for injury to the owner's property. If others, in the lawful use of their property, are required to exercise ordinary care to prevent its negligent injury or destruction, what is there in the situation of an owner or lessee of premises like these that creates for him a different rule? It clearly does not lie in the fact that his use of the premises is lawful. Nor does it rest in the maxim that no one is bound to anticipate another's negligence; for that is a principle of general application. No other ground for the distinction is advanced in the authorities which affirm the proposition. It is not believed that any other can be urged; and neither ground in our opinion is sound."

The cases of Railway Co. v. Levi and Martin, Wise & Fitzhugh v. Railway Co., supra, were suits for the loss of cotton stored in close proximity to the railway tracks, and burned by sparks which escaped from locomotives, and in each of those cases it was held that the defense of contributory negligence on the part of the owner in thus exposing his cotton to fire from that source was available.

In the Arey Case our Supreme Court expressly refused to follow the decision of our United States Supreme Court in Le Roy Fibre Co. v. Railway Co., 232 U. S. 340, 34 Sup. Ct. 415, 58 L. Ed. 631, cited by the appellee, and in effect overrules all other Texas decisions relied on by the appellee.

In each of the three cases by our Supreme Court cited above, it was held, in effect, that if a person of ordinary prudence could and should have anticipated that the railway company probably would, through its negligence or otherwise, permit sparks to escape from its locomotives and set fire to property of the character and located as was plaintiff's property, then the plaintiff owed the duty to exercise ordinary care in advance of such negligence to avoid injury therefrom. And why not? It is a well-settled rule of common law that a person of ordinary prudence owes the duty to exercise ordinary care to avoid injury from an act or omission of another amounting to negligence, when he is apprised of such act or omission. Upon reason and principle, why should he be excused from the exercise in advance of like precautions to avoid injury from negligence which a person of ordinary prudence would foresee as probable and the consequences of which he would endeavor to avoid? A different rule would encourage a willful exposure to danger which

even the slightest prudence would avoid and would be contrary to sound public policy. Tested by the common experience of men, no one of ordinary prudence, when confronted with an impending danger to his person or property, will do less to avoid its probable consequences because of the fact that such danger is brought about by the negligence of some one else.

As alleged by plaintiffs in their pleadings and shown by the evidence, seven fires occurred within two months, thus tending to show perhaps unusual dangers to their property, and furnishing cogent reasons for the application of the doctrine announced in the decisions of our Supreme Court cited above.

While it is true, as appellees insist, the facts of the present case were different from those of the other cases discussed above, yet we do not believe that such difference in the facts avoids the controlling effect of those decisions upon the question now under discussion. Appellees insist that plaintiffs had the legal right to demand payment for the grass proposed to be burned as a fireguard in advance of such burning, and that it would be unreasonable to require them to wait for such compensation until after the fireguard was burned. Even though it should be said that under ordinary circumstances a person has the legal right to exact payment for his property in advance before the same is appropriated by some other person, we do not think that such a conclusion would preclude the defendant's right to the defense pleaded. According to the defendant's plea, which must be accepted as stating the facts truly, the railway company offered to pay for the grass as soon as it was burned and the number of acres burned could be ascertained. As a matter of law, this offer included the implied obligation to pay the reasonable value of such grass, and it was a proper question for the jury to determine whether or not a person of ordinary prudence would, under all the circumstances, have accepted that offer rather than incur the risk of losses which might reasonably be expected to occur if such fireguard was not burned off.

A number of other assignments are presented to the admission of testimony of various witnesses tending to show the value of the grass burned and depreciation in the value of the land by reason of injury to the turf or roots of the grass, over defendant's objection that the witnesses had not shown themselves sufficiently qualified to give their opinions on such issues. Except as hereinafter noticed, we shall not undertake to discuss each one of the assignments in detail, as we think it is a sufficient answer to say that we have carefully examined the assignments, and are of the opinion that such objections were properly overruled, as we find in the testimony of the respective witnesses a sufficient qualification, prima facie at least, to make such opinion admissible.

[2] We are of the opinion, however, that

it was improper to allow the witness L. R. Hamm to testify that the grass burned "was above an average for Clay county," over the objection that it was improper to describe the grass by comparison with other grass, the quality of which was foreign to any issue in the present suit.

[3] And in this connection we deem it proper to notice also the objection made to the testimony of R. J. Brown for the plaintiffs that the land was depreciated in value $2 per acre by reason of the fire. The objection to this testimony was that the witness had answered that he had never known of the sale of land after it was burned over, but based his opinion with respect to the depreciation testified to by him upon what the witness estimated the grass to be worth. The witness did, however, sufficiently qualify to give an opinion of the value of the grass that was destroyed, which he estimated to be $2 per acre; and while perhaps the objection addressed to the question as to how much the land was depreciated in value was, strictly speaking, a valid one, yet we are of the opinion that, in view of the further testimony of the witness that he based the opinion given in answer to that question upon his knowledge of the value of grass which he placed at $2 per acre, the error was, at all events, harmless.

[4] The defendant proposed to prove by plaintiffs' witness R. J. Brown, upon cross-examination, that Sid Webb was leasing other land adjoining plaintiffs' land for 50 cents per acre per year. The plaintiffs objected to the question and answer upon the ground that it was irrelevant, and the court sustained the objection. It does not appear in the bill of exception that the defendant could have proved that the grass on the land so leased by Webb was of a quality as good as the grass in controversy. Hence no reversible error is shown by the ruling, even though it should be held that this one transaction would be admissible on the issue of the market value of plaintiffs' grass.

[5] Appellant also complains of the refusal of the court to submit to the jury three special issues requested by it, two of which consisted of an inquiry as to what per cent. of the land burned over had been reset with grass at the time of the trial, and the other how long were the plaintiffs deprived of the use of the grass by reason of the fires. All of those inquiries related to mere matters of evidence bearing upon the controlling issues to be determined by the jury, and were therefore properly refused.

For the reasons noted the judgment is reversed and the cause remanded.

### On Rehearing.

In their motion for rehearing appellees insist with much earnestness that we erred in our opinion upon original hearing that the

appellant's special plea of contributory negligence presented a valid defense to the suit. In our former opinion it was stated that one of the grounds of negligence relied upon by the plaintiffs was the failure of the defendant company "to burn fireguards for a width of about 200 feet on each side of its right of way, as for a number of years it had been in the habit of doing, so that fire starting in weeds and dry grass upon defendant's right of way would not spread to plaintiffs' land." That allegation of negligence was contained in plaintiffs' original petition, but was not embodied in the amended petition upon which the case was tried, and hence was not relied upon by the plaintiffs upon the trial of the suit. The original petition, as well as the amended petition, were contained in the record, and through inadvertence we referred to the original petition rather than the amended one, and the reference to that issue in the original opinion is now withdrawn.

Appellees have cited a great array of authorities from numerous states, as well as from our own state, announcing the general rule that it is not incumbent upon any one to anticipate the negligence of another which may probably result in his injury, and specifically that an owner of land adjoining a railroad right of way has the right to subject it to any lawful use he may see proper, and cannot be held guilty of contributory negligence in permitting combustible material to accumulate on his premises which is ignited through the negligence of the railway company in the operation of its trains. Appellant insists that many of those decisions, when properly understood, are not in conflict with the decision in the Arey Case. We shall not undertake to discuss them, for however that may be, the decision in the Arey Case is unquestionably binding upon us, and we think of controlling effect in the present suit.

Appellees insist, further, that the facts of the present suit differ materially from those in the Arey Case, and that hence the decision in the Arey Case should not be given controlling effect here. It is true that the facts are different, but we are of the opinion that the underlying principle is the same in the two cases.

The motion for rehearing is overruled.