THOMAS MONACELLI, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 26035.)

Fourth Department, May 16, 1945.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Arthur W. Mattson* and *Harold S. Coyne* of counsel), for appellant.

*Charles G. Signor* for claimant-respondent.

*Per Curiam.* Due to the improper construction and negligent maintenance of the banks and bottom of the Barge Canal, water seeped through and accumulated on the so-called Otto-Squires property. The State appropriated on that property an easement for floodage and seepage purposes, excepting from said appropriation all rights, titles, interest and uses save the perpetual easement to overflow and flood the described lands, by seepage and leakage. Included in the rights, titles, interest and uses so excepted, was the right of the owner of the Otto-Squires property and those claiming under him to use that property for stone quarrying purposes. The claimant under a lease from the owner acquired that right and did quarry the stone from the Otto-Squires property. The removal of the stone from that property allowed the water accumulated thereon to reach the

boundary line of the property owned by the claimant immediately adjacent thereto.

The property owned by the claimant was valuable only for stone quarrying purposes, and the most practical method of quarrying claimant's property was to advance the face of the quarry from the boundary line onto claimant's property. Claimant proceeded in that manner to remove the stone from his own property, with the result that the water from the appropriated area flooded onto his property and hindered his quarrying operations. He makes this claim to recover for the expense incurred in pumping the water out of his quarry and for damage on account of decreased production caused by the presence of the water.

The State contends that the claimant is precluded from recovering his damage for the reason that it was his own act in using his property as he did, for quarrying purposes, that permitted the water to flow from the appropriated area onto his own property. The State's appropriation included no part of claimant's land. It could not, by acquiring an easement to flood the adjacent Otto-Squires property, destroy claimant's use of his own land. That would be equivalent to a taking of claimant's property. It does not appear that there was any practical or feasible method by which claimant could have quarried his property without subjecting it to damage from the water which the State had accumulated upon the neighboring property. Claimant had a right to make the most available use of his property, and the fact that he did so does not bar his claim. It would appear that by such use he decreased rather than increased his damage. Under these circumstances the rule of contributory negligence does not apply so as to preclude claimant's recovery. (See 45 C. J., Negligence, § 505b; *Cook* v. *The Champlain Transportation Company*, 1 Denio 91, 99; *LeRoy Fibre Co.* v. *Chi. Mil. & St. P. Ry.*, 232 U. S. 340, 350; *Fero* v. *The Buffalo and State Line Railroad Company*, 22 N. Y. 209, 215; *Campbell et al.* v. *Seaman*, 63 N. Y. 568, 584; *Kalbfleisch et al.* v. *Long Island R. R. Co.*, 102 N. Y. 520; *Syracuse Salt Co.* v. *R., W. & O. R. R. Co.*, 43 App. Div. 203, 209; *North Bend Lum. Co.* v. *Seattle*, 116 Wash. 500.)

Claimant's right to a reasonable use of his property was not impaired by the fact that the State had already appropriated the right to flood the adjoining property at the time when claimant acquired title to the property in question. (*Campbell et al.* v. *Seaman*, 63 N. Y. 568, 584; *Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267, 278; *Bly* v. *Edison Electric Illum. Co.*, 172 N. Y. 1, 13.)

The judgment should be affirmed, with costs.

All concur, except TAYLOR, P. J., and HARRIS, J., who dissent and vote for reversal and for dismissal of the claim in the following memorandum: At the time the claimant purchased the property from Hill (September 29, 1939), the State had already obtained flood rights on the so-called Otto property, and, to the knowledge of the claimant at the time of his taking title to the Hill property, the Otto quarry was flooded and subject to flood; the claimant knew both quarries and was familiar with the operations of quarrying and the tendency of water to seek its level must have been known to him. He took title to the Hill property with the before-mentioned facts to his knowledge; and it is to be concluded that he bought the Hill property in the then state of its surroundings. Under these circumstances, his quarrying of the face between the Otto and the Hill quarries was the proximate cause of his damage. So far as he was concerned, the negligence of the State in permitting the canal wall to leak onto the quarry property was, at best, a remote cause and could not be the basis of damage recoverable herein. (*Briske* v. *Village of Burnham*, 379 Ill. 193; 45 C. J., Negligence, § 489, p. 929.)

Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Judgment affirmed, with costs. New findings of fact made.