ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. G. E. AREY.

No. 2781. Decided November 10, 1915.

### 1.—Contributory Negligence—Exposure to Fire—Lawful Use of Premises.

The proprietor of premises can not be deprived of the right to use them for lawful purposes because his property would be thereby exposed to fire by reason of the use made by others of their adjoining premises; nor is he under obligation to anticipate and guard against negligent use of such adjoining premises. But these rights are subject to his duty to use reasonable care with regard to exposing his property to such danger from fire as, with ordinary care by the adjoining proprietor, would be incident to the relations of and use made of the respective properties. Failure to use such care would constitute contributory negligence, defeating his recovery if proximately contributing to the loss, though negligence of the other proprietor was a concurring cause. The question of his negligence would depend on circumstances and be ordinarily one of fact. (Pp. 369, 370.)

### 2.—Same—Railway Fires.

See case in which the contributory negligence of the proprietor of a barn 108 feet distant from a railway track in so keeping the building and its contents as to expose them to fire by sparks from passing locomotives was a question of fact to be submitted to the jury, he not being relieved from responsibility for care by the fact that he was using his premises for a lawful purpose. (Pp. 368-372.)

### 3.—Practice in Supreme Court.

The appellate court reversed a judgment on several grounds. One of such rulings, overruling a previous decision, was disapproved by the Supreme Court on writ of error. The latter court, thereupon affirms the judgment of reversal and remand, but with instructions to the court below to follow its opinion on the point in question in another trial. (P. 372.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hunt County.

Arey sued the Railway Company and appealed from a judgment for defendant. This being reversed and the cause remanded, expressly overruling a former decision, the Railway Company obtained writ of error.

*E. B. Perkins* and *Crosby, Hamilton & Harrell,* for plaintiff in error. —In this State where the rule is established that a plaintiff may recover for property destroyed by fire without showing negligence on the part of the Railway Company, and is permitted to recover on a presumption of negligence by showing by circumstances that his property was destroyed by sparks escaping from a passing engine, the doctrine that plaintiff can not be charged with contributory negligence, no matter how reckless or careless he may have been in the care and management of his combustible materials, and is not bound to anticipate negligence of the Railway Company, should not be applied, is not sound in principle, is

unjust and opens up an unparalleled avenue for fraud.   Texas & Pac. Ry. Co. v. Levi Bros., 59 Texas, 674; Martin, Wise & Fitzhugh v. Railway Co., 87 Texas, 117, 26 S. W., 1052; Mo. Pac. Ry. Co. v. Bartlett, 69 Texas, 79, 6 S. W., 549; Texas & Pac. Ry. Co. v. Tankersley, 63 Texas, 57; Edwards v. Chisholm, 6 S. W., 558; G., C. & S. F. Ry. Co. v. Moore, 69 Texas, 160; F. W. '& R. G. Ry. Co. v. Dial, 38 Texas Civ. App., 260, 85 S. W., 22; St. L. S. W. Ry. Co. v. Crabb, 80 S. W., 408; St. L. S. W. Ry. Co. v. Sharp, 131 S. W., 614; G. C. & S. F. Ry. Co. v. Jagoe, 32 S. W., 717; Murphy v. C. & N. W. Ry. Co., 45 Wis., 222, 30 Am. Rep., 721; Coates v. M. K. & T. Ry. Co., 61 Mo., 38; Smith v. Hannibal, etc., Ry., 37 Mo., 287; Fero v. Buffalo '& S. L. R. Co., 22 N. Y., 209, 78 Am. Dec., 178; Collins v. N. Y., etc., R. Co., 5 Hun, 499, affirmed without opinion in 71 N. Y., 609; A. T. & S. F. R. Co. v. Ayers, 56 Kan., 176, 42 Pac., 722; K. C. F. S. & G. R. Co. v. Owen, 25 Kan., 419; St. J. & D. C. R. Co. v. Chase, 11 Kan., 47; A. T. & S. F. v. Ireton, 63 Kan., 888, 66 Pac., 987; C. R. Q & P. R. Co. v. Lodge, 74 Kan., 847, 85 Pac., 803; Mo. Pac. R. Co. v. Cornell, 30 Kan., 35, 1 Pac., 312; C. & A. R. Co. v. Pennell, 94 Ill., 448; Omaha Fair Asso. v. Mo. P. R. Co., 42 Neb., 105, 60 N. W., 330; Slossen v. B. C. R. & N. R. Co., 60 Iowa, 215, 14 N. W., 244; Bryant v. Cent. V. R. Co., 56 Vermont, 710; C. S. L. & P. R. Co. v. Burger, 124 Ind., 275, 24 N. E., 981; Hubbard v. N. Y., etc., R. Co., 72 Conn., 24, 43 Atl., 550; Confer v. N. Y., etc., R. Co., 146 Pa., 31, 23 Atl., 202; Ala. & V. R. Co. v. Aetna Ins. Co., 82 Miss., 770, 35 So., 304; Ala. & V. R. Co. v. Fried, 81 Miss., 314, 33 So., 74; Jefferis v. P. W. & B. R. Co., 3 Hous. (Del.), 447; Wild v. B. & M. R. Co., 171 Mass., 245, 50 N. E., 533; New Brunswick R. Co. v. Robinson, 11 Can. C. S., 688 (reversing 23 N. B., 323); Hill v. Ontario S. & H. R. Co., 13 U. C. Q. B., 505.

*Robert F. Spearman, N. E. Peak,* and *Evans & Carpenter,* for defendant in error.—It is not contributory negligence upon the part of a plaintiff who sustains a loss of property upon his own premises by fire caused by the negligent act of a defendant railroad company, to permit or cause the accumulation of combustible material upon his own premises, as the plaintiff is not bound to anticipate negligence upon the part of the defendant railroad company in permitting the escape of sparks from its engines, which may cause the ignition of plaintiff's property. G., C. & S. F. Ry. Co. v. Johnson, 51 S. W., 531, in which a writ of error was granted, and the opinion of the Supreme Court is quoted in the 92 Texas, 591; Freeman v. Nathan, 149 S. W., 248, and authorities there cited; Railway Co. v. Hardware Co., 157 S. W., 1188; Houston, etc., Railway Co. v. McDonough, Court of Appeals, Civil Cases, W. & W., par. 654; Waters-Pierce Oil Co. v. King, 6 Texas Civ. App., 93; LeRoy Fibre Co. v. Chicago, etc., Ry. Co., 232 U. S., 340; A. & E. Ann. Cases, vol. 3, 384; A. & E. Enc. of Law, 2nd ed., vol. 13, 482, et seq.; Vaughan v. Taff Vale R. Co., 3 H. & N., 743; Jaffrey v. Toronto, etc., R. Co., 23 U. C. C. P., 533; Campbell v. McGregor, 29 New Bruns.,

644; Jacksonville, etc., R. Co. v. Peninsular Land, etc., Co., 27 Fla., 1; Toledo, etc., R. Co. v. Kingman, 49 Ill. App., 43; Cleveland, etc., R. Co. v. Stephens, 74 Ill. App., 586; Mississippi Home Ins. Co. v. Louisville, etc., R. Co., 70 Miss., 119; Fitch v. Pacific R. Co., 45 Mo., 322; Burlington, etc., R. Co. v. Westover, 4 Neb., 268; Kalbfliesch v. Long Island R. Co., 102 N. Y., 520, 55 Am. Rep., 832; Philadelphia, etc., Co. v. Hendrickson, 80 Pa. St., 190, 21 Am. Rep., 97; Philadelphia, etc., R. Co. v. Schultz, 93 Pa. St., 341; Snider v. Pittsburg, etc., R. Co., 11 W. Va., 14; Kellogg v. Chicago, etc., R. Co., 26 Wis., 223, 7 Am. Rep., 69; Thompson on Neg., vol. 1, 163, et seq., N. 9; Sher. & Red. on Neg., 5th ed., vol. 1, par. 679, 680; Clark v. Dyer, 81 Texas, 339, at page 344.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit of the plaintiff in the trial court, G. E. Arey, the present defendant in error, was for the recovery of damages on account of the destruction of certain property,—a barn and its contents, charged to have been due to escaping sparks from a passing engine of the Railway Company. The barn was upon the premises near the railroad track, leased by the plaintiff, the barn itself being 108 feet south of the track. The track extended in a northeast and southwest direction. This situation placed the west side of the barn toward the track. In that side or end of the barn were two windows opening into a crib in the lower story, and one window, about three feet square, opening into the loft. These windows were left open, having no shutters, or covering of any kind. The plaintiff had placed a ton of baled oat straw in the loft near the window, and had used about half of it the time of the fire. In feeding the oat straw, loose straw had become scattered and banked up in the crib and stalls, and probably in the loft. The wind at the time was blowing from the railroad toward these windows; and if the fire was caused by sparks from a passing engine, they must have been blown through the windows.

Contributory negligence on the part of the plaintiff was pleaded by the defendant, and in the court's charge the issue was submitted to the jury in the following form:

"You are further charged that plaintiff, in the use of the barn and lot and his property therein and in regard to openings and the accumulation of combustible materials, is required to use ordinary care to prevent its destruction or injury, such care as a person of ordinary prudence would commonly exercise under like circumstances: and if the plaintiff failed to use such care, and if such failure, if any, caused or contributed to the injury or destruction of plaintiff's property, then plaintiff can not recover."

A verdict in favor of the Railway Company was rendered.

The honorable Court of Civil Appeals for the Fifth District, in an opinion rendered by its learned Chief Justice, reversed the judgment, one of the grounds of its action being the submission of the issue of contributory negligence. In so doing it expressly overruled its previous

decision in St. Louis S. W. Ry. Co. v. Crabb, 80 S. W., 408, a case of practical identity in its facts with the present one. Its holding, as we gain it from the opinion, is that in cases of this character,—the destruction of property on premises in lawful use, adjoining or near a railroad track, by fire caused by sparks from a railroad engine,—the doctrine of contributory negligence is out of place and that question can not arise, a principal authority relied upon being LeRoy Fibre Co. v. Railway Co., 232 U. S., 340, 58 L. Ed., 631, in which a proposition to that effect is announced. We do not subscribe to this broad holding, either upon principle or authority. It subverts, in our opinion, the fundamental doctrine of the law, that no man should benefit from his own wrong. It affirms, in substance, that while other men are held to the duty of exercising ordinary care to prevent injury either to their persons or property, and will be denied the right of recovery for such injury if it was proximately contributed to by their want of such care, the owner or lessee of premises adjacent to a railroad track, because alone of their use being lawful, is wholly exempted from that duty. It furthermore declares that a right denied, generally, to others will be allowed him, however careless or reckless, or even deliberate and intentional was his exposure of his property to the danger. The proposition does not commend itself to sound reason, and can not in our judgment be sustained.

It is unnecessary to here restate that the owner of premises has the full beneficial right to their free enjoyment for all lawful purposes, for it has often been unmistakably so declared by this court. It is a right which is not limited by another's use of his property; nor is it subject to the servitude of another's wrongful use of the premises. That the owner is not bound to anticipate another's negligence, is also true; as it is likewise true of men, generally, in the use of their property and the conduct of themselves. But the doctrine of contributory negligence is not related to these considerations, and is not defeated by them. It is founded, as has been said, on the mutuality of the wrong; the impolicy of allowing a party to recover for his own wrong; and the policy of making personal interests of men dependent upon their own prudence and care. It recognizes that one's use of his premises or his property, as well as his conduct, may be perfectly lawful; and also that in either using his property or in his conduct, he is not bound to anticipate the negligence of another. But it declares that notwithstanding this, a man may not court or invite injury to his person or property. And furthermore it affirms that when faced with danger to either his person or his property, he is under the duty of using the care that a man of ordinary prudence would use under the same circumstances, to avoid an injurious consequence to himself. It proceeds from the rule of conduct which actuates men in general,—from the natural law which prompts them to self-preservation; that no man of common prudence, no matter how wrongful the act of another, or lawful his own conduct and the particular use of his property, will stand by and suffer injury from such act either in his

person or property, without an effort to prevent it; and, therefore, all
men, as a rule of action, to avoid such injury ought to use the care that
such a man would exert under like circumstances.

While, in general, negligence can not be predicated upon an owner's
lawful use of his premises, that is, the mere fact that he makes use of
them for his home, his business, or pursuit, though in proximity to other
premises whose equally lawful use creates a danger to neighboring prop-
erty; as in a case like the present one a man may have under lease
premises near a railroad track over which pass engines from which live
sparks customarily escape, even in the exertion of ordinary care by their
owners, causing constant apprehension of fire, and because his use of
the premises is rightful, be exempt, as a rule, from any charge of negli-
gence for merely maintaining thereon his residence, his barn, and other
structures, and devoting them to their usual and proper purposes, will
it do to say that under no circumstances will his use of the premises, or
the location of his property upon them, be negligent? Will his right to
damages be countenanced in a court though, in truth, he may aid in
the destruction of his own property by rashly or purposely exposing it
to the hazard? That is the question here. An affirmative answer to
these questions must be given in the future administration of the law
by the courts if it is to be held, as is stated in LeRoy Fibre Company v.
Railway Company, that in cases of this nature the doctrine of contribu-
tory negligence is entirely out of place. And in such holding it will
further have to be said, as to such cases at least, that the law is no
longer an influence for prudence and care in the conduct of men.

It is not a question of the lawful use by an owner of his premises. It
is a question of his negligent use of them; and the legal consequence
of such use when it is directly responsible, in whole or in part, for injury
to the owner's property. If others in the lawful use of their property
are required to exercise ordinary care to prevent its negligent injury or
destruction, what is there in the situation of an owner or lessee of
premises like these that creates for him a different rule? It clearly does
not lie in the fact that his use of the premises is lawful. Nor does it
rest in the maxim that no one is bound to anticipate another's negligence,
for that is a principle of general application. No other ground for the
distinction is advanced in the authorities which affirm the proposition.
It is not believed that any other can be urged; and neither ground, in
our opinion, is sound.

Of more importance than this conviction is the fact that the question
has been definitely settled in this court in two comprehensive opinions,
distinguished for their reason and clearness, rendered by Chief Justice
Stayton, one of the ablest judges in its history. Texas & P. Ry. Co. v.
Levi, 59 Texas, 674; Martin, Wise & Fitzhugh v. Texas & P. Ry. Co.,
87 Texas, 117, 20 S. W., 1052. We have no inclination to overrule them,
as reluctant as we are to differ with the honorable Court of Civil Appeals
or any of the authorities to which it refers. Both were cases where
cotton had been placed upon premises contiguous to a railroad track. In

the first the baling of the cotton had been cut, or it was badly baled; rendering it more exposed to fire than if well baled; and the other the cotton was placed near the track without covering over it. In the Martin, Wise & Fitzhugh case, a question certified for the court's answer was as follows:

"If the railway company knew of the situation of the cotton, and by the exercise of ordinary care could have avoided setting fire to it and destroying it, would the fact that it was negligence on the part of the compress company to place the cotton in that position, uncovered, permit a recovery against the railway company?"

In response to the question the court said:

"To hold that the knowledge of the railway company of the situation of the cotton would fix liability on it, if its employees failed to use ordinary care for its protection, although the compress company, the representative of the plaintiffs, knew the same fact, and also failed to use ordinary care in view of the surroundings, would be, in effect, to hold that the railway company was under obligation to use greater care for protection of the cotton against fire than were its owners."

In the Levi case the trial court had given the following charge:

"You are instructed that the plaintiffs had a right to place their cotton upon their cotton yard, and in so doing they would not on this account alone be guilty of negligence, although said cotton was in close proximity to defendant's road-bed."

In the course of the opinion, after speaking of the impracticability of preventing entirely the escape of sparks from locomotives, it is said:

"It is true a person owning or renting property near a railway is entitled to use such property; but the greater the degree of exposure to injury from such proximity, the greater degree of care should be exercised by such person to prevent injury from causes for which a railway company will not be responsible, because impracticable to prevent them.

"What constitutes negligence sometimes may be a matter of law; but whether it exists in a given case is a question of fact for the determination of the jury, in all cases where there is a conflict of evidence, or the facts are disputed; and in no case submitted to a jury, where the facts are contested, or even where the evidence admitted to be true is of such character that different, well organized minds might honestly arrive at different conclusions as to whether a person had or had not used due care, should a jury be instructed that an act does or does not constitute negligence. But there are cases in which, as a matter of law, there being no controversy about the facts, in which a court would be authorized to instruct a jury that a given use of property was not negligence, when considered with reference to a specific use to which contiguous property is lawfully appropriated; as for instance if appellees had been using the open yard in which the cotton was stored for the purpose of storing iron, stone, brick or other non-inflammable material, which, however, may be injured by fire, the court, with reference to an injury caused by sparks from a passing locomotive, might instruct the jury that such

use was not negligence. If the same lot was used as a lumber yard, in which to store plank and other inflammable material, it would be a question of doubt as to whether such use, reference being had to the use to which the contiguous property was lawfully appropriated, was negligence or not."

"So in the use of a yard contiguous to a railway track, for the purpose of storing baled cotton, which as a matter of common knowledge is inflammable and easily ignited; when it is shown that contiguous property is lawfully used for a purpose from which it results that the cotton will be subjected to some danger from fire, it might be doubtful if the storing of baled cotton in such a place was a prudent act, and the question should be submitted to the jury."

"If the cotton was badly baled, or of which the baling had been cut, which seems to have been the case with the cotton injured, for the purpose of sampling it, and thus more exposed to fire than if the cotton was well baled, it would become more doubtful still if such use would be a prudent one, and hence the greater necessity for leaving the entire question of negligence to the jury, under all the evidence." . . .

"If we take an extreme case, and suppose that instead of using the yard in which the cotton was stored for that purpose, the appellees had used it for a powder magazine, in which, without any covering, they left open kegs of gunpowder, then if it be admitted that such was the case, and that locomotives were passing within a few yards of that place frequently, and that therefrom sparks would escape which might reach such explosive, even with the exercise of that care required by law of a railway company to prevent injury to contiguous property by fire from its locomotives, the court might instruct the jury that such use was not a prudent one; but if there was a controversy as to the facts, even in such a case the whole matter should be left to the jury. Wharton on Negligence, 420, and citations."

There can be no doubt under these authorities that in the present case the question of whether the plaintiff was guilty of contributory negligence under the circumstances shown, was one for the jury's determination; and the submission of the issue by the trial court was, therefore, proper.

The judgment was reversed by the Court of Civil Appeals upon other grounds, as well, presenting questions over which its jurisdiction is final. Its judgment reversing the trial court judgment and remanding the cause will, therefore, stand, and is affirmed with instructions that upon the further trial of the case this opinion be followed in respect to the issue of contributory negligence.

*Affirmed with instructions.*