QUANAH, A. & P. RY. CO. v. STEARNS.
(No. 1386.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 13, 1918.)

1. RAILROADS ☞454(2) — SETTING FIRE ON RIGHT OF WAY—DUTY TO PROTECT LANDOWNER.

If spark arresters used by railroad had proven to be inadequate during a high wind, it was its duty to secure better ones, or to use reasonable diligence to protect an adjacent landowner, from fire started by igniting grass and weeds on its right of way, in some other manner.

2. RAILROADS ☞456—SETTING FIRES—DUTY TO PROTECT LANDOWNER — CONTRIBUTORY NEGLIGENCE.

Where hot winds dried grass on railroad's right of way, rendering it combustible, and, on account of velocity of wind, it was dangerous to attempt to burn it off, duty to plow or burn fireguards to protect adjacent lands rested on railroad rather than landowner.

3. RAILROADS ☞460—SETTING FIRES—NEGLIGENCE—DUTY OF LANDOWNER.

Landowner adjoining railroad's right of way is not required to anticipate railroad's negligence in respect to setting fires, and has right to full enjoyment of his property for all lawful purposes, including growing of grass.

4. TRIAL ☞219 — INSTRUCTION—DEFINITION OF MARKET VALUE.

In suit against railroad for damages by fire to lands adjacent to its right of way, though it would have been proper for the trial court to define "market value," failure to do so was not reversible error.

5. TRIAL ☞260(1) — INSTRUCTIONS—REPETITION.

Where the matters incorporated in a special requested charge were given to the jury in the general charge, the special charge was properly refused.

Appeal from District Court, Motley County; J. H. Milam, Judge.

Suit by L. A. Stearns against the Quanah Acme & Pacific Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Jno. P. Marrs, of Quanah, and G. E. Hamilton, of Matador, for appellant.

T. T. Bouldin, of Matador, for appellee.

HALL, J. The following statement by appellant of the nature and result of the suit, which is concurred in by appellee, is adopted:

"This suit was brought by the appellee, L. A. Stearns, against the appellant, Quanah, Acme & Pacific Railway Company, in the district court of Motley county, for damages in the sum of $742.50 to the grass, turf, and timber on two sections of land held by appellee under lease for grazing purposes, situated in Motley county, which grass plaintiff alleged to have been burned by fire set out by defendant's engine on or about the 15th day of July, 1916. Appellee alleged that appellant's said locomotive was so defectively and improperly built and constructed and in such poor repair and so carelessly, negligently, and unskillfully managed by the agents, servants, and employés of appellant in charge thereof that sparks of fire escaped from said locomotive and set fire to the grass and other combustible material which appellant is alleged to have negligently and carelessly permitted to accumulate upon its right of way, and that said fire was thereby communicated to appellee's land; that said land was covered with a heavy coat of grass of the reasonable market value of $1.00 per acre; that the damage to the timber and turf on said land is $112.50. Appellant answered, by general and special exception, which were by the court overruled, and alleged that all of its engines on the date the fire occurred were in good condition and equipped with the latest and most improved and approved spark arresters in general use; that same were in good repair on said date and were in charge of and operated by skilled and careful engineers in a proper manner; that the engine alleged to have set fire to appellee's grass had been inspected immediately before and immediately after it went upon said run, and especially with reference to the condition of its spark arresters; and that the same was in good condition and skillfully and carefully operated. Appellant denied permitting combustible matter to accumulate upon its right of way, and alleged that during the four or five days just prior to the fire the grass and weeds on its right of way had become dry enough to burn, but had been too green to burn prior to that time; that hot winds blowing during the last four or five days suddenly dried up and parched the vegetation, rendering them sufficiently dry to burn; that said winds made it unsafe for appellant to try to burn off its right of way; that it had attempted to do so only a day or two before the fire in question occurred and found that it was dangerous to attempt it; that it had been impossible after the grass became dry enough to burn for appellant to burn it off of its said right of way; that, if appellee suffered the injury complained of, such injury was the result of appellee's own negligence in failing to take the precaution to burn or plough the fireguards where same appeared to be needed through his land. All of which dangers appellee well knew."

A trial resulted in a judgment against appellant in the sum of $450.

[1-3] The first assignment of error is that the court erred in sustaining plaintiff's special exception to the appellant's plea of contributory negligence. The proposition urged under this assignment is:

"Where the evidence shows that the owner of grass knew of the danger of its being set on fire by a railroad locomotive and could have pre-

vented it by the use of ordinary care but did not, he is guilty of contributory negligence, and the same may be pleaded and proved by the defendant railway company as a bar to plaintiff's recovery."

This assignment presents this issue: Is the owner of a pasture adjacent to a railway guilty of contributory negligence when he fails to plough or burn fireguards to protect his grass when it is probable that fire, caused by sparks from passing locomotives, will ignite grass and weeds on a right of way and spread to the owner's premises? Appellant seeks to excuse its apparent negligence in allowing dry grass and weeds to accumulate upon its right of way by the allegation that the hot winds for four or five days, immediately preceding the fire in question, had dried the grass and weeds, rendering them combustible, and that on account of the velocity of the wind it was dangerous to attempt to burn off the right of way during that period. If we admit that the high wind would excuse appellant's failure to burn off its right of way, we are still unable to conclude that the duty to plough the fireguards in the exercise of ordinary care rested upon appellee rather than upon appellant. Appellee was in no degree responsible for the condition of appellant's right of way, nor for the circumstances which prevented appellant from cleaning it off. If the spark arresters used by appellant had proven to be inadequate during such high wind, it was clearly its duty to secure better ones, or use reasonable diligence in an effort to protect appellee in some other manner.

Appellant cites a number of cases where cotton and other personal property, placed near the railroad by the owner, was burned and where he was denied a recovery. The case of St. Louis & Southwestern Ry. Co. v. Arey, 107 Tex. 366, 179 S. W. 860, L. R. A. 1916B, 1065, is also cited in support of the proposition. That is a case where plaintiff had permitted loose oat straw to accumulate in the loft and stalls of his barn and had left some windows of the barn open on the side nearest the railroad, in consequence of which sparks from a passing locomotive set fire to the straw and destroyed his property. Discussing the question of contributory negligence of the plaintiff, the Supreme Court said:

"It is not a question of the lawful use by the owner of his premises; it is a question of his negligent use of them and the legal consequences of such use when it is directly responsible in whole or in part for injury to the owner's property."

No charge of negligent use of his property is made against appellee in this case, unless permitting grass to grow on his pasture lands is such negligence. He had not placed any property near appellant's track, negligently or otherwise; his grass was there before the railroad was constructed, and his act in permitting it to remain and grow does not subject him to the charge of "rashly or purposely exposing it to the hazard." The rule is settled that he is not required to anticipate the company's negligence and has the right to the full and free enjoyment of his property for all lawful purposes. Ry. Co. v. Arey, supra.

Appellant also cites Ft. Worth & Denver Railway Co. v. Hapgood, 184 S. W. 1075, as supporting its proposition. The contributory negligence alleged in that case was the refusal of the plaintiff Hapgood to permit defendant company to burn fireguards on his land adjacent to the right of way until after the company had paid him the value of the grass necessary to be burned. The trial court sustained a general demurrer to the plea, and the Second Court of Civil Appeals, speaking through Judge Dunklin, reversed the ruling. The extent of the holding in that case is that it was a question of fact whether or not the rejection of the company's offer to burn fireguards on plaintiff's land constituted contributory negligence. There is not the slightest intimation anywhere in the opinion that the court thought the duty rested upon Hapgood to burn the fireguards, but the court and the railway company seem to have both proceeded upon the idea that the law imposed that duty upon the railway company.

We think the correct rule applicable to the facts of this case is stated in 11 R. C. L. p. 972, §§ 28 and 29, as follows:

" * * * The duty of one, where negligence is already committed and known to him, does not, however, imply a duty to anticipate and provide against such negligence, and an owner of property is not guilty of contributory negligence in not foreseeing and providing against the negligence of a railroad company in setting or allowing the escape of fire by which his property is injured or destroyed. Though contributory negligence on the part of the property owner is a defense, he is bound only to use such a degree of care as a man of ordinary prudence would have exercised under like circumstances, and he will not be deprived of redress against the railway company for its negligence by the fact that had he been more vigilant the injury might not have happened. * * * The weight of authority is, however, to the effect that a person owning land adjoining the right of way of a railroad company is not guilty of contributory negligence in failing to remove the combustible matter from his land or in farming thereon in the ordinary and usual way; such conduct on his part not preventing a recovery for fire set by the railroad. A person having property adjacent to the railroad is not bound to keep his property in such condition as to guard against the negligence of the railroad company, but every person has the right to enjoy his property in an ordinary manner, and, while one is charged with the duty of saving his property when he can do so, he is under no obligation to stand guard over it and continually watch it to protect it from the negligence of the railroad company. He may cultivate, build upon, and use his lands, or leave them in a state of nature, as he may see proper, and will take upon himself no other risks than such as are incident to the operation of the road in the exercise of proper care and vigilance by the company, and will nevertheless be entitled to remedy for injuries by fires arising from the negligence of the company in the construction or management of its locomotives or in the condition in which its

track is suffered to remain. The distinction between the cases of the railroad company and that of the contiguous owner is obvious. The company uses a dangerous agent and must provide proper safeguards; the landowner does nothing of the kind and has a right to remain quiescent."

[4, 5] We overrule the objections urged to the charge. While it was proper for the court to define "market value," a failure to do so is not reversible error. The matters incorporated in special charge No. 1, refused by the court, were given to the jury in the general charge and should not have been repeated.

We think the evidence supports the verdict and judgment, and the judgment is therefore affirmed.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes