**MONCADA v. SNYDER.**

No. 10778.

Court of Civil Appeals of Texas. Galveston.
May 25, 1939.

Rehearing Denied June 22, 1939.

Roy L. Arterbury and Ernest H. Folk, both of Houston, for appellant.

Allen, Helm & Jacobs, Wm. States Jacobs, Jr., and Arthur P. Terrell, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $5,060 judgment against appellant and in favor of the appellee, entered by the 11th district court of Harris County on November 13 of 1937 upon a jury's verdict in response to special issues, as well as upon independent findings of the court itself from the pleadings and what it recites to have been "the undisputed evidence."

This further statement as to the nature of the cause, as well as its reaches both below and here, found by this court to be correct, is taken from the appellee's brief:

"This was an intersection collision in Houston, at the corner of Fannin and Calumet, neither of which were stop streets at that time. The plaintiff, D. A. Snyder, driving west on Calumet, approached ·Fannin Street on the defendant's right and entered the intersection ahead of the defendant, giving the plaintiff the statutory right of way. Before entering Fannin Street the plaintiff reduced his speed to 3 or 4 miles an hour, changed gears, and looked both ways. He saw the top of the defendant's truck approaching at some

distance from the intersection, but could not estimate its exact speed.

"Concluding that he had ample time to cross Fannin in safety the plaintiff drove ahead in second gear, entirely crossing his near side of Fannin Street, which was the defendant's right hand side of Fannin. After the plaintiff had entirely crossed the defendant's right hand side of Fannin Street, and was almost to the northwest corner, the defendant, who the testimony showed was drunk and was driving north on Fannin Street with ample room to drive straight ahead, as he was going, and pass behind the plaintiff in safety, suddenly veered to his left at a high rate of speed, drove onto his left hand side of Fannin Street and struck the left rear portion of plaintiff's car just as it was about to clear the intersection entirely, throwing the plaintiff out and injuring him.

"A number of issues of primary negligence and proximate cause were answered favorably to the plaintiff. All issues of contributory negligence were likewise answered favorably to the plaintiff.

"On issues of discovered peril, the jury found that the plaintiff was in a position of peril before the collision, but failed to find that the defendant discovered such peril within such time and distance that, by the exercise of the care required by law, he could have avoided the collision.

"Neither defendant testified either in person, or by deposition.

"The court entered judgment for the defendant, Francisco Alanis, and against the defendant, Antonio Moncada, who was driving the truck."

Appellant Moncada inveighs against this adverse result to him below upon these grounds:

(1) The answers to the jury, together with the uncontroverted testimony of the appellee himself and his own witnesses, show conclusively as a matter of law that he was guilty of contributory negligence which was the proximate cause of the collision, hence was not entitled to the recovery so awarded him;

(2) The jury's answers to special issues 23 to 26, inclusive, designed to elicit whether or not the appellee was guilty of such negligence as asserted in (1) supra, and which acquitted him thereof, were contrary to all the evidence and should, for that reason, have been set aside on appellant's request;

(3) The trial court reversibly erred in allowing appellee's counsel, over appellant's objection made at the time, to make this closing argument to the jury: "Why didn't that power that is back behind the defense of this case—some power—who it is we do not know—but the power that conducted the investigation, for the defense in this case—why didn't that power acquaint counsel for the defense of the whereabouts of those defendants, they didn't do it—but put Mr. Folk (counsel for defendant) in a very embarrassing situation of having to go on the stand and explain to the jury why he didn't know where the defendants were. That power that is behind the defense of this case, or somebody connected with the machinery of the defense, hasn't been fair."

At this point the defendant objected to the argument, saying in open court:

"If the court please, that argument is of such a nature that its effect cannot be withdrawn—he can't withdraw it,"

"I have nothing to withdraw; I say the power, whoever it may be, behind the defense in this case, hasn't been fair."

(4) A new trial should have been granted the appellant, because, on the hearing of his motion therefor, it was made to reasonably appear, first, that the jury had been put on notice that there was an insurance company interested as a defendant in the suit they were trying, and second, that, throughout the trial, the appellee's counsel had sought "to acquaint the jury, by suggestion and indirection, with the fact that the defendant (appellant) was protected with indemnity-insurance and that therefore some insurance company was the real party in interest representing the defendant."

None of these presentments, it is determined, should be sustained. In the opinion of this court no contributory negligence is shown; upon the contrary, agreeably to the evident trend of the statement so quoted with approval supra from the appellee's brief, it is found that the jury's verdict on the four issues appellant relies upon for the establishment of contributory negligence (Nos. 1, 3, 10 and 18), taken in connection with the others on that subject, all of which had sufficient support in the evidence, plainly determine that controversy against appellant rather than in his favor; the fatal vice in his position is his failure to allow for the other driver's right to assume that he himself would re-

main on his own proper side of Fannin Street and continue there in the course he was going along that side when the appellee first saw him, rather than to, as he was shown to have done, suddenly, negligently, and in violation of law, veer to his left, and then, at about 50 miles per hour, bear down along the wrong side of Fannin, after so having given the appellee every reason for believing that he could clear that side of Fannin without any danger; there is no answer to this obvious situation anywhere in appellant's brief.

■ It is true he essays one, in his subsidiary contention that the jury found the appellee to have been in a position of peril before the collision, in answering issue No. 18 that way; but that was inconclusive and abortive, in that there was no essential complement to it by a further finding that the appellant had discovered such peril within a time and distance that, by the exercise of due care, he himself could have avoided the collision; indeed, it was expressly found that he had not discovered such peril at all, hence this mere brutum fulmen·got him nowhere.

In short, these answers of the jury—to issues on that phase of the case the appellee had requested—simply defeated his effort to additionally fasten on appellant the violation toward him of the new duty arising as on a discovery of his peril, without in turn, by any reflex consequence, convicting him of contributory negligence; the essentials of such a flare-back were wholly missing—no like inquiry as to whether the appellee also failed to discover his own peril in time to avoid injury having either been submitted or requested—hence that whole question passed out of the case under the presumptions that it was all settled favorably to the judgment rendered arising pursuant to R.S. Art. 2190, Vernon's Ann.Civ.St. art. 2190; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Jenkins v. Northwestern Pipe & Supply Co., Tex.Com.App., 299 S.W. 857; Rio Grande, E. P. & S. F. R. Co. v. Dupree, Tex.Com.App., 55 S.W.2d 522; ·Embrey v. W. L. Ligon & Co., 118 Tex. 124, 12 S.W.2d 106; Rose v. O'Keefe, Tex.Com. App., 39 S.W.2d 877; Stewart v. Byrne, Tex.Com.App., 42 S.W.2d 234; Malley v. Union Indemnity Co., Tex.Com.App., 12 S.W.2d 1002.

Wherefore, the unreal issue of discovered peril being out, both because one essential element of it was not sub-

mitted, and the jury found the other that was submitted against the injured party, the case was finally determinable upon the issues of primary negligence and contributory negligence. Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304; Smith v. Galveston-Houston Elec. Ry. Co., Tex.Com.App., 277 S.W. 103.

As indicated supra, on the issues of contributory negligence—which were very searching in effect—the jury found on sufficient evidence that the appellee was not negligent, (1) in attempting to drive across the intersection ahead of the approaching truck, and (2) that he did not fail to keep a proper lookout.

In answer to likewise appropriate issues touching appellant's counduct, it was found that the collision had been proximately caused by his negligence in the following particulars:

(a) Driving in excess of 20 miles per hour; (b) driving at a dangerous speed; (c) failing to keep proper control; (d) failing to keep a proper lookout; (e) driving on the appellant's left side of Fannin Street; (f) failing to turn so as to avoid the collision; (g) that the appellant's failure to yield the statutory right-of-way was a proximate cause of the collision.

Of these enumerated findings against him, (a), (b), and (e) were the other three answers to issues 1, 3, and 10, upon which appellant grounds his claim for contributory negligence.

■ Obviously, in view of the whole testimony, the ultimate purport of which on all material features has been already quoted and need not be repeated, they entail no such result—quite the contrary, under well settled authority. That is, in the indisputable circumstances, this collision having occurred within the City of Houston, he being in the exercise of due care on his own proper side of the intersection after having in apparent safety passed over to the west side of Fannin ahead of appellant, the appellee was not required to anticipate the other's negligence in so failing to yield the right-of-way thereon and continuing straight ahead on his own right-hand side of Fannin, but, instead, suddenly darting to his left-hand side thereof and colliding with the rear end of appellee's car on the northwest corner of the intersection. Seinsheimer v. Burkhart, Tex.Com.App., 122 S.W.2d 1063; Texas & P. Railway Co. v· Bigham, 90

Tex. 223, 38 S.W. 162; Union Stock Yards v. Peeler, Tex.Com.App., 37 S.W.2d 126; St. Louis Southwestern R. Co. of Texas v. Arey, 107 Tex. 366, 179 S.W. 860, L.R.A.1916B, 1065; Merritt v. Phœnix Refining Co., Tex.Civ.App., 103 S.W.2d 415.

Moreover, the question as to whether the appellee himself was negligent, and if so, whether it proximately caused his injury, was at least one for the jury. Stevens v. Karr, 119 Tex. 479, 33 S.W. 2d 725; Galveston, H. & S. A. Ry. Co. v. Wells, 121 Tex. 310, 50 S.W.2d 247; Texas & N. O. R. Co. v. Crow, 121 Tex. 346, 48 S.W.2d 1106; Trochta v. Missouri, K. & T. R. Co. of Texas, Tex.Com.App., 218 S.W. 1038; Galveston, H. & S. A. R. Co. v. Duty, Tex.Civ.App., 267 S.W. 744; affirmed, Tex.Com.App., 277 S.W. 1057; Paris & G. N. R. Co., v. Stafford, Tex. Com.App., 53 S.W.2d 1019; Postal Telegraph & Cable Co. v. Saper, Tex.Civ.App., 108 S.W.2d 259.

Recalling the preceding conclusions on the state of the evidence under issues 23 to 26, inclusive, in answering which the jury found in substance that the appellee was not negligent, either in crossing ahead of the offending truck or in failing to keep a proper lookout, further discussion is unnecessary; there is no doubt whatever, in this Court's opinion, that each of these findings was amply supported, hence could not properly be set aside.

The challenged argument, set out in his verbis supra, in the attending circumstances, it is thought, was not only improper, but a legitimate comment on the developed situation to which it referred.

The suit was filed and tried against two Mexicans, Francisco Alanis and Antonio Moncada, the appellant here, both being state convicts on the Blue Ridge Prison Farm, 14 miles from Houston; the testimony indicated that appellant had been at that farm up until the day before this trial, but that no effort had been made by deposition, summons, or otherwise to procure his testimony for the trial; further, that "somebody in charge of the investigation of the case" had advised the defendants' attorneys that "they were both gone from the Blue Ridge Farm and had left the state for parts unknown", when apparently Moncada was still on the same farm as a prisoner. In short, without undertaking to detail the entire factual episode underlying this incident of the trial, this slightly

modified statement of its controlling features, which appear to be reasonably accurate, is quoted from the appellee's brief: "This evidence definitely indicates, first, an absolute failure to make any effort to produce the testimony of the defendant Moncada to rebut the charges of negligence against him; second, a definite effort of somebody connected with the defense to suppress the defendant's testimony; third, a definite effort of somebody connected with the investigation of the case to erroneously state the whereabouts of the defendants."

Each of these matters was testified to substantially to the purport thus quoted, hence it was not an abuse of the learned trial court's discretion to consider them legitimate subjects for such comment and argument by counsel for the appellee as was made; this conclusion is thought to find support in these holdings: Marek v. Southern Enterprises of Texas, 128 Tex. 377, 99 S.W.2d 594; Houston Electric Co. v. Potter, Tex.Civ.App., 51 S.W.2d 754, error dismissed; Mitchell v. Napier, 22 Tex. 120; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031; Western Shoe Co. v. Amarillo Nat. Bank, Tex.Civ. App., 42 S.W.2d 469; Missouri Pac. R. Co. v. White, 80 Tex. 202, 15 S.W. 808; 41 Tex.Jur. 772; Corn v. Crosby County Cattle Co., Tex.Com.App., 25 S.W.2d 290; Russell v. Martin, 121 Tex. 488, 49 S.W. 2d 699; City of Waco v. Killen, Tex.Civ. App., 59 S.W.2d 940, error dismissed; Commercial Standard Ins. Co. v. Shudde, Tex.Civ.App., 76 S.W.2d 561; Affirmed by Supreme Court.

The record fails to support the concluding claim that the question of insurance, as contended for under appellant's propositions 5 and 6, was injected into the trial, either through the cited Houston Post publication, or through the alleged conduct of appellee's counsel.

The suggestion that notice was thereby imparted to the jury that an insurance company was interested as a defendant in the suit was based alone upon a mere statement published in the Houston Post on the day this case was submitted to the jury, among many other items, as follows: "Eleventh District Court. D. A. Snyder v. St. Paul Mercury Indemnity Company et al., on trial"; no number of the case, nor any other identifying information was given, nor was there any showing that this entry ever came to the attention of any of these

jurors; further, the appellant neither made any complaint thereof during the trial, nor did he even call it to the court's attention until his amended motion for a new trial was filed one month subsequent to the return of the jury's verdict; moreover, the record is barren of any showing whatever of any prejudice emanating from this remote and detached publication to him.

No reversal should be ordered because of it. Weisner v. Missouri, K. & T. Ry. Co., Tex.Com.App., 207 S.W. 904; Moore v. State, 36 Tex.Cr.R. 88, 35 S.W. 668; Texas & N. O. Ry. Co. v. Barwick, 50 Tex.Civ. App. 544, 110 S.W. 953, error refused; Horton v. Benson, Tex.Civ.App., 266 S.W. 213; Levy v. Rogers, Tex.Civ.App., 75 S.W.2d 304.

This court fails to find likewise any support in the record for appellant's assertion, "that plaintiff's counsel set out at the beginning of the trial, and continued throughout the trial, to acquaint the jury by suggestion and indirection with the fact that defendant was protected by indemnity insurance". There is, accordingly, nothing presented for review under it.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.