**McKAIN v. HAYNES et ux.**

No. 6294.

Court of Civil Appeals of Texas. Texarkana.

June 27, 1947.

Rehearing Denied July 3, 1947.

John D. Glass, of Tyler, for appellant.

Fred Erisman and Wm. Hurwitz, both of Longview, for appellees.

HARVEY, Justice.

Harry McKain operated a filling station in Gladewater, Texas, which was destroyed by fire February 23, 1946, and he filed suit against Ernest Haynes and wife, alleging that the fire resulted from the negligent burning of trash in the rear of their cafe on the lot adjacent to the premises occupied by the filling station. The jury in the case in response to issues submitted to them found that the defendants negligently burned trash to the rear of their cafe, which fire spread to the premises of Mc-Kain and that it was the proximate cause of the destruction of his filling station. In addition, the jury found that McKain's failure to cut the grass and weeds around the station was negligence on his part, which was the proximate cause of the loss of his station. The total damages sustained by McKain was found to be $4,000.-00. The court overruled the plaintiff's motion to disregard the jury's findings on the issue of contributory negligence and entered a judgment in favor of the defendant Ernest Haynes and his wife, and plaintiff McKain has perfected this appeal.

The points presented by appellant in substance are that the jury finding that the plaintiff's failure to cut the grass and weeds in proximity to the station was negligence is without support in the evidence and as a matter of law such a failure on the part of McKain could not be contributory negligence. The facts reflect that for about ten years McKain had operated his filling station on the premises adjoining that occupied by Haynes and wife in the operation of a cafe for a like period; that Haynes kept some iron barrels to the rear of his cafe in which trash was deposited and sometimes it was collected by the city garbage trucks and sometimes burned by Haynes in the barrels. It was testified that Haynes and his wife had told McKain prior to the fire that he should cut the weeds and grass on his property, which weeds and grass were three to four feet high and were growing up to the filling station and storage houses on McKain's lot and were growing through the cracks in such buildings. In addition, the jury found that McKain permitted the area around his filling station to become saturated with oil,

gasoline or other inflammable substances and permitted oil cans to accumulate around his filling station, which acts were negligence on his part, but found in addition that such conduct was not the proximate cause of the burning of his station. There is ample evidence in the record to sustain the jury's findings of negligence on the part of Haynes in burning or having trash burned on his premises which fire got out of control, and therefore the sole question with which we are concerned is whether or not there is a basis for the additional jury finding that McKain was guilty of contributory negligence in not having cut the weeds surrounding his station.

■ The issues submitted by the court with respect to contributory negligence on the part of McKain are as follows:

"Special Issue No. 15: Do you find from a preponderance of the evidence that the plaintiff failed to cut the dry grass and weeds immediately adjacent to his filling station at the time and on the occasion in question?

"Special Issue No. 16: Do you find from a preponderance of the evidence that such failure, if any, on the part of the plaintiff to cut the dry grass and weeds immediately adjacent to his filling station, was negligence?

"Special Issue No. 17: Do you find from a preponderance of the evidence that such negligence, if any, on the part of the plaintiff in failing to cut the dry grass and weeds immediately adjacent to his filling station, was a proximate cause of the burning of his filling station?"

The plaintiff excepted to these issues on the sole ground that as a matter of law the failure of plaintiff to cut the grass and weeds next to his filling station at the time and on the occasion in question could not have been contributory negligence on his part. The parties herein disagree as to the meaning of Issue No. 15, the appellant contending that its wording limits the time inquired about in regard to the failure to cut the grass to the actual time when the fire began and thereafter, while the appellees insist it refers to the time prior to the fire. There is an unfortunate choice of words used in the particular framing of this issue. Like many other sentences composed in the English language it is susceptible of different constructions, dependent upon one's individual viewpoint. In this instance, if we construe it to limit the failure of the plaintiff to cut the grass to the time that the fire started and thereafter, then the facts outlined would not be sufficient to sustain an affirmative finding to said issue. On the other hand, if the issue has reference to the period at the time of and prior to the fire, we are of the opinion that the facts and circumstances are of such nature as to warrant a finding of negligence proximately causing the damages complained of. If we apply a strictly technical and grammatical construction to the words used, the question is limited to the time of the fire and subsequent thereto. Under the facts of this case, however, such a construction would seem hypercritical and not in accordance with what was intended, at least. The undisputed facts show that the dangerous condition with reference to the tall grass and weeds and the highly inflammable conditions around and up to the wooden buildings on the premises of plaintiff McKain existed for quite a time before the fire; that McKain had been advised to remedy these conditions, but had not done so up to the time of the fire. Issue No. 16 inquired if such failure to cut the dry grass was negligence, and issue No. 17 is to the effect if such negligence was the proximate cause of the burning of the filling station. It was undisputed that McKain had failed to cut the grass, and that it had reached a height of several feet. Taking all the facts and circumstances in consideration, together with all three of the issues presenting the theory of contributory negligence, we think it can be reasonably said that the time element referred to in the issues is referable to the period preceding the fire. Apparently the case was tried on that basis. The facts and circumstances are sufficient to support this latter view, but not the former. Therefore, in order to give effect to the jury findings responsive to said three issues we are adopting the construction of those issues which would be in consonance with such findings.

It is correct, as contended by appellant, that one has the right to the free enjoyment of his premises for all lawful purposes, which is not limited by another's use of his property. However, such a right has its limitations. Negligence can be active or passive in its nature. It is not necessary that one actually do something in order that it may be said that he was negligent. He may fail to do something which, in the exercise of ordinary care under all the attendant circumstances, should have been done and by reason of that failure he will become negligent, suffering the legal consequences thereof. In the instant case had the facts been that McKain permitted gasoline from a leaky storage container to trickle across his property to a point where passers-by might ignite it by carelessly dropping a lighted match, could it be said he was free of blame by reason of an explosion occasioned by some passer-by, even though such a one was himself negligent in dropping the match in the first instance? In this case McKain was operating a business in which he handled products universally known for their highly dangerous and explosive nature. It was incumbent upon him to exercise that degree of care legally imposed upon him in order that damage to himself or others might not be occasioned by careless acts. His conduct in permitting the high weeds to remain around his premises and up to his gasoline and oil saturated wooden buildings was a failure to exercise the proper care in the operation of his business, even though such business was entirely lawful in its nature. As indicative of the highly inflammable nature of his station and the wooden buildings used in connection with it, appellant states in his brief that "the entire station was in flames only a few moments after any of the witnesses saw it (the fire) spreading over the grass and weeds." The Supreme Court of Texas in the case of St. Louis Southwestern Railway Company of Texas v. Arey, 107 Tex. 366, 179 S.W. 860, L.R.A.1916B, 1065, in discussing the judgment of the Court of Civil Appeals in that case which held the doctrine of contributory negligence was not applicable, had this to say:

"We do not subscribe to this broad holding, either upon principle or authority. It subverts, in our opinion, the fundamental doctrine of the law that no man should benefit from his own wrong. It affirms, in substance, that while other men are held to the duty of exercising ordinary care to prevent injury either to their persons or property, and will be denied the right of recovery for such injury if it was proximately contributed to by their want of such care, the owner or lessee of premises adjacent to a railroad track, because alone of their use being lawful, is wholly extemped from that duty. It furthermore declares that a right denied, generally, to others will be allowed him, however careless or reckless, or even deliberate and intentional, was his exposure of his property to the danger. The proposition does not commend itself to sound reason, and cannot, in our judgment, be sustained."

While in the case referred to the court had under advisement a situation in which was involved a fire that was caused by sparks from a railroad engine, still the fundamental question involved is the same as in other situations, where one contributes by his own negligence to the damages suffered by him on account of the negligence of another. It would be useless to cite authorities from among the great number of cases that lay down this rule of law.

The judgment of the trial court is affirmed.