H. H. ANDREWS, d/b/a Andrews Lumber Company, Appellant,

v.

EAST TEXAS THEATERS, Inc., Appellee.

No. 6869.

Court of Civil Appeals of Texas.

Texarkana.

April 19, 1956.

Paul B. Cox, Jacksonville, for appellant.

Lewis & Chandler, Jacksonville, Carl D. Levy, Beaumont, for appellee.

HALL, Chief Justice.

Appellant instituted this suit in the District Court of Cherokee County against the appellee seeking damages suffered by him for the loss of certain scrap lumber, firewood, cedar trees and other shrubbery, hedge and grass sod situated upon his property lying adjacent to the property of appellee. The damage suffered by appellant was alleged to have occurred from flying sparks and burning fragments from a fire set by appellee in its incinerator located near the property line of appellant. Appellee answered alleging that appellant was guilty of contributory negligence by creating and maintaining a fire hazard on his premises. The fire hazard consisted of certain scrap lumber and firewood, weeds and grass and various parts of waste material from a saw mill and allowing grass and weeds to grow up on such tract of land without providing any protection thereto by way of fire lanes or removal of the grass around the edges of his property.

Trial was to a jury and resulted in findings that appellant maintained his property located east of defendant's drive-in theater in such manner as to constitute a fire hazard on the occasion in question; that such conduct on the part of plaintiff constituted negligence and that such negligence was a proximate cause of the fire on the property of appellant. Upon these jury findings judgment was entered for appellee.

Appellant's first point is that the court erred in submitting special issues Nos. 25, 26 and 27, having to do with contributory negligence "because, as a matter of law the plaintiff was not contributorially negligent." It appears from the record that appellant's property consisting of several acres of land was unoccupied and was covered with grass, weeds and other inflammable material and at the time of the fire was very dry. On the occasion of the fire appellee was burning some trash in an incinerator on the side of its premises next to appellant's property, and from the fire in the incinerator fire was communicated to appellant's premises causing damages to his property. The record shows further that

appellant did nothing in the way of constructing fire lanes and cleaning up his property to lessen the hazard thereto. The record on the whole presents ample testimony with respect to appellant's contributory negligence to support the jury's finding as shown by the answers to special issues Nos. 25, 26 and 27.

Appellant presents many authorities which he claims support his contention set forth in point 1. The opinion most nearly in point is that of Quanah, A & P. Ry. Co. v. Stearns, Tex.Civ.App., 206 S.W. 857, 858. That case was where fire originating upon the right of way of the railway company crossed over the premises of the plaintiff. The grass on the plaintiff's property was the grass that naturally grew there and there was no other fire hazard created by him that would cause the fire to cross over upon his property such as was alleged and proved in the case at bar, and the railway company was held liable to the party for negligently permitting the fire to cross onto his property and burn his grass. In the above cited case it is said: "No charge of negligent use of his property is made against appellee in this case, unless permitting grass to grow on his pasture lands is such negligence. He had not place any property near appellant's track, negligently or otherwise."

The situation here is quite different from the case cited and discussed above. The allegations and proof showed that in addition to grass and weeds upon appellant's property in their natural state, there was also rubbish, scrap lumber and other highly inflammable material located on his property. The case cited by appellee, St. Louis Southwestern Ry. Co. v. Arey, 107 Tex. 366, 179 S.W. 860, 861, is discussed in the case set out above and relied on by appellant. In this last case, the plaintiff owned a barn situated about 108 feet south of the railway company's track with openings on the side facing the railway right of way, and on this side of the plaintiff's barn oat straw was scattered throughout the barn and near the openings which increased the ordinary fire hazard. The railway company in that case, as in this, pleaded contributory negligence and the court held that under the facts contributory negligence shown on the part of the plaintiff was sufficient to support a jury finding convicting him of contributory negligence and this finding was upheld by the Supreme Court. In the case cited next above the Supreme Court makes use of this significant language:

"It is not a question of the lawful use by an owner of his premises. It is a question of his negligent use of them, and the legal consequences of such use when it is directly responsible, in whole or in part, for injury to the owner's property. If others, in the lawful use of their property, are required to exercise ordinary care to prevent its negligent use or destruction, what is there in the situation of an owner or lessee of premises like these that creates for him a different rule? It clearly does not lie in the fact that his use of the premises is lawful. Nor does it rest in the maxim that no one is bound to anticipate another's negligence; for that is a principle of general application. No other ground for the distinction is advanced in the authorities which affirm the proposition. It is not believed that any other can be urged; and neither ground, in our opinion, is sound.

"Of more importance than this conviction is the fact that the question has been definitely settled in this court in two comprehensive opinions, distinguished for their reason and clearness, rendered by Chief Justice Stayton, one of the ablest judges in its history, [Texas & P.] Railway Co. v. Levi, 59 Tex. 674, and Martin, Wise & Fitzhugh v. [Texas & P.] Railway Co., 87 Tex. 117, 26 S.W. 1052. * * *

" 'To hold that the knowledge of the railway company of the situation of the cotton would fix liability on it, if its employés failed to use ordinary care for its protection, although the compress company, the representatives of

plaintiffs, knew the same fact, and also failed to use ordinary care in view of the surroundings, would be, in effect, to hold that the railway company was under obligation to use greater care for protection of the cotton against fire than were its owners.'"

This point is overruled.

We have examined the other points brought forward and they relate to a great extent to the matter above discussed under point 1. Under the record in this case we do not think any of the other points brought forward present error and they are respectfully overruled.

The judgment of the trial court is in all things affirmed.