J. M. HUFFINGTON, Appellant,

v.

TEXAS AND NEW ORLEANS RAILROAD COMPANY et al., Appellees.

No. 11146.

Court of Civil Appeals of Texas.

Austin.

Feb. 26, 1964.

Rehearing Denied March 18, 1964.

James F. Bobbitt, Karl E. Kraft, Houston, for appellant.

Baker, Botts, Shepherd & Coates, John F. Heard, Houston, for appellees.

HUGHES, Justice.

This suit was filed by J. M. Huffington, appellant, against the Texas and New Orleans Railroad Company and its successor and assign, Southern Pacific Company, for damages for fire losses to his land and its blue stem grass crop allegedly caused by the negligence of appellees. The farm of appellant adjoined appellees' railroad right of way, over which their trains are operated, for a distance of 1.2 miles. Ninety-five acres of appellant's blue stem grass crop was destroyed by fire on November 23, 1955.

Trial was to a jury which made these relevant findings:

1. Fire escaped from a train or some member of its crew on the occasion in suit.

2. This fire started a fire on the railroad right of way which spread to appellant's grass crop.

3. The railroads had permitted weeds and other combustibles to exist on the right of way and in this the railroads were guilty of negligence proximately causing the fire on appellant's land.

4. That appellant was guilty of negligence in failing to construct a fire guard along the fence by the railroad right of way, which negligence was a proximate cause of the burning of the grass on his land.

5. The value of the grass crop destroyed by the fire was found to be $2493.75.

Upon this verdict, judgment was rendered for the railroads.

The weather at the time of the fire was dry and hot. A wind of fifteen to twenty miles per hour was blowing towards appellant's property from the railroad right of way. The fire occurred shortly after a freight train had passed. A witness who saw the train go by testified:

"Q. Was there any fire there on the right of way before the train went by?

"A. No sir, not that I noticed.

"Q. Did you see any?

"A. No sir I didn't.

"Q. Did you actually see fire coming out of the wheels there of the train?

"A. Well it was fire underneath the train it seemed like, I don't know, I'm not a railroad man, but it was fire like a hot box or whatever it was, it was fire and just falling off.

It looked like pieces were falling off the wheels there which I remember it was a Northeast wind blowing and it was pretty strong and it was blowing it back underneath the train.

"Q. Was the wind blowing from the train towards Mr. Huffington's pasture?

"A. Yes sir right across the right of way and on across was the way the wind was blowing."

The weeds and grass on the railroad right of way were about four feet high. They had not been cut during the year of the fire. This growth caught fire first and the fire then spread to appellant's property. The fire jumped a fifty foot ditch on appellant's land.

Concerning the width and adequacy of a fire guard (called fire lane in West Texas) appellant testified:

"Q. Now, Mr. Huffington, how big a fire guard cloud around there would you have had to of had to kept the fire from spreading from the rightaway to your pasture?

"A. Well, that is just not possible. I know if it jumps sixty feet or a fifty foot ditch it will jump a fire dam of fifty to two hundred feet. It is throwing those embers there when the wind is blowing and they will go no telling where. You see it burns in clumps and then it kind of sails it over there like a torch and it may throw fire over two to three hundred feet."

There is no other evidence concerning the character of fire guard or fire lane which a prudent person would construct to protect his grass land from an encroaching fire.

■ It is our opinion that no evidence exists in this cause to raise or create a duty on the part of appellant to construct a fire guard or plough a fire lane of a type feasible or adequate to protect his grass crop from a fire caused by the Railroad Companies, and negligently permitted by them to spread to appellant's land.

A case directly in point on this question is Quanah, A. & P. Ry. Co. v. Stearns, 206 S.W. 857, by the Amarillo Court of Civil Appeals, no writ history. In that case fire escaped from a locomotive, set fire to waste on the right of way and was thence communicated to the grass growing on adjacent private land. One defense pleaded by the railroad company was the failure of the adjacent land owner to plough a fire guard on his property to

protect his grass. The Court stated the question as follows:

"Is the owner of a pasture adjacent to a railway guilty of contributory negligence when he fails to plough or burn fireguards to protect his grass when it is probable that fire, caused by sparks from passing locomotives, will ignite grass and weeds on a right of way and spread to the owner's premises?"

██ The Court after stating that, "We are still unable to conclude that the duty to plough the fireguards in the exercise of ordinary care rested upon" the land owner rather than upon the railroad, made the following discussion, which we adopt:

"Appellant cites a number of cases where cotton and other personal property, placed near the railroad by the owner, was burned and where he was denied a recovery. The case of St. Louis & Southwestern Ry. Co. v. Arey, 107 Tex. 366, 179 S.W. 860, L.R.A. 1916B, 1065, is also cited in support of the proposition. That is a case where plaintiff had permitted loose oat straw to accumulate in the loft and stalls of his barn and had left some windows of the barn open on the side nearest the railroad, in consequence of which sparks from a passing locomotive set fire to the straw and destroyed his property. Discussing the question of contributory negligence of the plaintiff, the Supreme Court said:

" 'It is not a question of the lawful use by the owner of his premises; it is a question of his negligent use of them and the legal consequences of such use when it is directly responsible in whole or in part for injury to the owner's property.'

"No charge of negligent use of his property is made against appellee in this case, unless permitting grass to grow on his pasture lands is such negligence. He had not placed any property near appellant's track, negligently or otherwise; his grass was there before the railroad was constructed, and his act in permitting it to remain and grow does not subject him to the charge of 'rashly or purposely exposing it to the hazard.' The rule is settled that he is not required to anticipate the company's negligence and has the right to the full and free enjoyment of his property for all lawful purposes. Ry. Co. v. Arey, supra.

"Appellant also cites Ft. Worth & Denver Railway Co. v. Hapgood [Tex. Civ.App.], 184 S.W. 1075, as supporting its proposition. The contributory negligence alleged in that case was the refusal of the plaintiff Hapgood to permit defendant company to burn fireguards on his land adjacent to the right of way until after the company had paid him the value of the grass necessary to be burned. The trial court sustained a general demurrer to the plea, and the Second Court of Civil Appeals, speaking through Judge Dunklin, reversed the ruling. The extent of the holding in that case is that it was a question of fact whether or not the rejection of the company's offer to burn fireguards on plaintiff's land constituted contributory negligence. There is not the slightest intimation anywhere in the opinion that the court thought the duty rested upon Hapgood to burn the fireguards, but the court and the railway company seem to have both proceeded upon the idea that the law imposed that duty upon the railway company.

"We think the correct rule applicable to the facts of this case is stated in 11 R.C.L. p. 972, §§ 28 and 29, as follows:

" '* * * The duty of one, where negligence is already committed and known to him, does not, however, imply a duty to anticipate and provide against such negligence, and an owner

of property is not guilty of contributory negligence in not foreseeing and providing against the negligence of a railroad company in setting or allowing the escape of fire by which his property is injured or destroyed. Though contributory negligence on the part of the property owner is a defense, he is bound only to use such a degree of care as a man of ordinary prudence would have exercised under like circumstances, and he will not be deprived of redress against the railway company for its negligence by the fact that had he been more vigilant the injury might not have happened. * * * The weight of authority is, however, to the effect that a person owning land adjoining the right of way of a railroad company is not guilty of contributory negligence in failing to remove the combustible matter from his land or in farming thereon in the ordinary and usual way; such conduct on his part not preventing a recovery for fire set by the railroad. A person having property adjacent to the railroad is not bound to keep his property in such condition as to guard against the negligence of the railroad company, but every person has the right to enjoy his property in an ordinary manner, and, while one is charged with the duty of saving his property when he can do so, he is under no obligation to stand guard over it and continually watch it to protect it from the negligence of the railroad company. He may cultivate, build upon, and use his lands, or leave them in a state of nature, as he may see proper, and will take upon himself no other risks than such as are incident to the operation of the road in the exercise of proper care and vigilance by the company, and will nevertheless be entitled to remedy for injuries by fires arising from the negligence of the company in the construction or management of its locomotives or in the condition in which its track is suffered to remain. The distinction between the cases of the railroad company and that of the contiguous owner is obvious. The company uses a dangerous agent and must provide proper safeguards; the landowner does nothing of the kind and has a right to remain quiescent.' "

So far as we have found this case has been cited only in Andrews v. East Texas Theaters, 289 S.W.2d 781, Texarkana Civil Appeals, no writ history. The Court there held that such case was inapplicable to a situation where the owner of property was found negligent in maintaining a fire hazard on his own property.

The Arey case, cited and distinguished in Quanah, is by Chief Justice Phillips and is strongly relied upon here by appellee. There it was said, "It is unnecessary to here restate that the owner of premises has the full beneficial right to their free enjoyment for all lawful purposes * * *. It is a right which is not limited by another's use of his property; nor is it subject to the servitude of another's wrongful use of the premises."

The evidence here is that a fireguard with enough width to be effective would, if ploughed, deprive appellant of the use of several acres of land for growing grass, the only use for which the land seems presently adapted. The result would be that appellant would not have the full beneficial right to the free enjoyment of his property. He would lose such right, not through any act of his own but through the negligent use of their property by the railroads. This, in our opinion, would, if allowed, subject appellant's land to a servitude of the railroads wrongful use of their premises.

Appellee does not complain that any trial errors were committed or that the damages found are excessive.

The judgment of the Trial Court is reversed and judgment is here rendered that

appellant recover of and from appellees, jointly and severally, the sum of $2493.75 with interest at 6% per annum from November 23, 1955.

Reversed and rendered.